THOMAS BINNALL & others *vs*. THE THAYER COMPANY · (and a companion case[1]).

Worcester. September 25, 1956. — December 7, 1956.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Equity Jurisdiction*, Bill of review.

A decree denying a petition for leave to file a bill of review of a final decree entered in a suit in equity after rescript from this court was affirmed where the petition was grounded on new matter and the trial judge found that "no new facts have been presented and there has been no significant change of circumstances" and the evidence before him was not reported.

TWO PETITIONS filed in the Superior Court on April 4, 1955, for leave to file bills of review.

The cases were heard by *Cahill*, J.

In this court the cases were submitted on briefs.

*Stephen J. D'Arcy, Jr.*, for the petitioners.

*George H. Foley*, for the respondents.

WILKINS, C.J. Each of these two petitions for leave to file a bill of review is brought by the petitioners individually and as officers and members of Local 154, United Furniture Workers of America, C. I. O., on behalf of themselves and all other officers and members. The bodies of the petitions, which are identical, seek to review final decrees in two of the cases which were before us in *Thayer Co.* v. *Binnall*, 326 Mass. 467. The decrees were dated May 14, 1951, and are substantially in the form set forth in the footnote in *Thayer Co.* v. *Binnall, supra*, 473.

Each petition alleges (1) that paragraphs 1 through 4 of the final decree "are no longer warranted as a matter of

---

[1] The companion case is by Thomas Binnall and others against H. N. Thayer Company.

equity and justice"; (2) that these paragraphs "are in conflict with and superseded and preëmpted by a decision and order of the national labor relations board, 99 N. L. R. B. 1122, as enforced by the United States Court of Appeals for the First Circuit, June 3, 1954," *National Labor Relations Board* v. *Thayer Co.* 213 Fed. (2d) 748, certiorari denied sub nomine *Thayer Co.* v. *National Labor Relations Board,* 348 U. S. 883; and (3) that continuation of the permanent injunctions in paragraphs 1 through 4 of the final decree "would invade and infringe the exclusive Federal field which the national labor relations act as amended . . . preëmpts," and deprive the petitioners of "rights protected and guaranteed to them by the . . . national labor relations act as amended and the First, Sixth and Fourteenth Amendments to the Constitution of the United States, more particularly as a result of the decisions" cited above. Decrees were entered denying the petitions, and the petitioners appealed.

One finding of the trial judge was that "no new facts have been presented and there has been no significant change of circumstances since the granting and upholding of the final decrees." In the absence of a report of the evidence there is no basis for a contention that his finding was not supported. This finding is decisive of the cases. *Brooks* v. *National Shawmut Bank,* 323 Mass. 677, 685.

There is nothing about *National Labor Relations Board* v. *Thayer Co.* 213 Fed. (2d) 748, which, as matter of law, requires a contrary conclusion.

*Decrees affirmed.*