COMMONWEALTH *vs.* FRANK E. IMBRUGLIA. March 1, 1976. The remark made by the prosecutor in the presence of the jury at the close of the evidence was unfortunate at best. The judge promptly and forcefully gave clear and correct curative instructions. Compare *Commonwealth* v. *D'Ambra,* 357 Mass. 260, 262 (1970). The evidence of Imbruglia's guilt was particularly strong, and we are not persuaded that the remark, when considered in the light of the instructions, contributed to the verdict.

*Judgment affirmed.*

The case was submitted on briefs.
*Kenneth Weiss* for the defendant.
*Alan L. Kovacs & Bonnie H. MacLeod-Griffin,* Assistant District Attorneys, for the Commonwealth.


JOHN E. HERLIHY *vs.* FREDERIC J. FLEMINGS, JR., executor. March 1, 1976. 1. The basic question raised by the petition under G. L. c. 215, § 39A, was the amount which should be awarded out of the estate for the legal services which the petitioner had rendered to the executor in connection with the settlement of the estate; it was immaterial that the executor might have bound himself personally (see *Eaton* v. *Walker,* 244 Mass. 23, 30 [1923]; *Lewis* v. *National Shawmut Bank,* 303 Mass. 187, 191 [1939]) to pay the petitioner a greater amount than what the judge saw fit to award out of the estate. Contrast *McLaughlin* v. *Old Colony Trust Co.* 313 Mass. 329, 330 (1943). 2. Although the evidence which has been presented to us suggests a possibility that the total award to the petitioner for his services failed to reflect the value of such services as may have been rendered subsequent to January 14, 1974, such is not a necessary inference, and in the absence of any subsidiary findings by the judge (see G. L. c. 215, § 11, as in effect prior to St. 1975, c. 400, § 58) as to what was intended to be covered by the corrected decree we are in no position to say that the subsequent services were overlooked. 3. Nor is there anything in the portions of the record before us which would permit us to say that the total award for all the services which the petitioner may have rendered was not made on the "equitable basis" delineated in G. L. c. 215, § 39A. 4. We see no abuse of discretion in the amount allowed (under G. L. c. 215, § 45) for counsel fees and expenses in the present proceedings.

*Corrected decree affirmed.*

The case was submitted on briefs.
*Charles P. Burgess* for the petitioner.
*Philip D. O'Connell, Jr.,* for the respondent.