ALVIN J. SLATER, trustee, *vs.* BURNHAM CORPORATION. March 11, 1976. 1. The direct and redirect testimony of the plaintiff (the truth of which is not for us to determine) to the effect that he had purchased the defective low-water cutoff directly from the defendant rather than from its agent or distributor was sufficient to warrant a finding of the privity of contract between the parties which was required prior to the amendment of G. L. c. 106, § 2-318, which was effected by St. 1971, c. 670, § 1. See and contrast *Haley* v. *Allied Chem. Corp.* 353 Mass. 325, 331 (1967); *Necktas* v. *General Motors Corp.* 357 Mass. 546, 549 (1970). 2. The evidence was sufficient to warrant a finding that it was Hess with whom the plaintiff had his telephone conversation on the day the defect was discovered. *Massachusetts Northeastern St. Ry.* v. *Plum Island Beach Co.* 255 Mass. 104, 114 (1926). *Rich* v. *Weeks,* 279 Mass. 452, 453-456 (1932). *Bond Pharmacy, Inc.* v. *Cambridge,* 338 Mass. 488, 490-491 (1959). Contrast *Virta* v. *Mackey,* 343 Mass. 286, 291 (1961). It is unclear whether the conversation was offered for the purpose of proving Hess' authority to act in the defendant's behalf (as to which see *Gordon* v. *O'Brien,* 320 Mass. 739, 742-743 [1947]) or for the non-hearsay purpose of proving that the plaintiff had given his seller prompt notice of a breach of warranty. In either event, the statement of Hess now complained of was cumulative of other evidence of his authority which was admitted without objection, and the admission of the conversation does not require a new trial. 3. Neither the writ nor the motion for a directed verdict (as to which see *Soares* v. *Lakeville Baseball Camp, Inc.* 369 Mass. 974, 975 [1976]) has been reproduced in the appendix, and leave has not been granted the defendant to refer to either paper in its brief. See Mass.R.A.P. 18(a), 365 Mass. 864 (1974). Nothing found in the two concluding paragraphs of the defendant's brief can fairly be characterized as "argument" within the meaning of Mass.R.A.P. 16(a)(4), as amended effective February 24, 1975, 367 Mass. 921 (compare *Lolos* v. *Berlin,* 338 Mass. 10, 13-14 [1958]), and we see no occasion to send for the original papers in order to discover whether there is any merit to the defendant's contentions.

*Judgment affirmed.*

*Philip I. Tirrell* for the defendant.
*Joseph M. Cohen* for the plaintiff.