ROBERT DENTE & another *vs.* LAWRENCE W. PINK. March 7, 1977. In this action alleging trespass the plaintiffs obtained a permanent injunction preventing the defendant from using a strip of land owned by the plaintiffs and were awarded damages for injuries to the land. The defendant now claims a right of way upon the land by way of easement, either by grant or prescription; and he points to various deeds purportedly granting him such rights. The master's report, however, made no mention of the defendant's claim of easement nor did it incorporate the deeds referred to by the defendant. *Jones* v. *Gingras,* 3 Mass. App. Ct. 393, 395 (1975). The master's subsidiary findings are silent on the question of the existence of an easement and the defendant failed to move to recommit for findings on that point. *Cantor* v. *Van Noorden Co. Inc.* 4 Mass. App. Ct. 819 (1976). *Moran* v. *Desmond,* 4 Mass. App. Ct. 828 (1976). There is no showing of evidence before the master upon which he could have made a finding such as that now claimed by the defendant. Moreover, since the pleadings are not included in the record appendix (see *Slater* v. *Burnham Corp.* 4 Mass. App. Ct. 791 [1976]; *Haddad* v. *Board of Appeals of Medford,* 4 Mass. App. Ct. 843 [1976]), it is not shown that the defendant claimed an easement in his answer. So from all that now appears, the defendant has improperly sought to raise that claim for the first time on appeal. *Milton* v. *Civil Serv. Commn.* 365 Mass. 368, 379 (1974). *John B. Deary, Inc.* v. *Crane,* 4 Mass. App. Ct. 719, 724 (1976).

*Judgment affirmed.*

*Raymond B. Oothout* for the defendant.
*Francis M. O'Boy* for the plaintiffs.