FORD MARKETING CORPORATION *vs.* HARTFORD INSURANCE COMPANY. November 17, 1977. We need not rule upon the plaintiff's contention as to the date of the accrual of its cause of action under the subrogation provision of G. L. c. 90, § 34O, as amended by St. 1971, c. 1079, §§ 2, 3 (see St. 1973, c. 917, § 2; *Lumbermens Mut. Cas. Corp.* v. *Bay State Truck Lease, Inc.*, 366 Mass. 727, 729 & n.1 [1975]), because the "facts" on which the contention is based, as asserted in the plaintiff's brief on appeal, are not properly before us. It appears from the appendix that the only relevant facts presented to the trial judge were in the form of oral representations of counsel, that no transcript of the hearing was prepared, and that the plaintiff did not repair that omission by availing itself of the remedy afforded by Mass.R.A.P. 8(c), 365 Mass. 850 (1974), or by any other permissible means. See *Nolan* v. *Weiner*, 4 Mass. App. Ct. 800 (1976). We see no occasion to send for

the original papers for the purpose of exploring the remote possibility that they contain something to support the plaintiff's factual assertions which is not included in the appendix. See *Haddad* v. *Board of Appeals of Medford,* 4 Mass. App. Ct. 843 (1976), and cases cited. It follows that the plaintiff has failed to show any error of fact or law in the judge's conclusion that the cause of action "accrued on March 9, 1973, and not on January 7, 1974 . . . ." That being the only issue argued in the plaintiff's brief, the judgment must be affirmed.

*So ordered.*

*Alan J. Schlesinger* (*Leonard Schlesinger* with him) for the plaintiff.

*John A. Maloney* for the defendant.