SAMUEL KUNEN vs. FIRST AGRICULTURAL NATIONAL
BANK OF BERKSHIRE COUNTY, executor.

Worcester.   October 17, 1978. — November 21, 1978.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

*Practice, Civil,* Appeal. *Rules of Appellate Procedure,* Record.

Discussion of the requirements of Mass. R.A.P. 18 (a) and (b). [685–691]
Where the appendix in an appeal from a decree of a Probate Court
    awarding an attorney $10,000 for his services in connection with
    the settlement of an estate was insufficient to permit review of any
    question as to the value of the services rendered and where the
    decree fell within the scope of the pleadings and contained no indi-
    cation of legal error, the decree was affirmed. [691–692]

PETITION filed in the Probate Court for the county of
Worcester on May 19, 1977.

The case was heard by *Conlin,* J.

*Irvin M. Davis (Peter F. Davis* with him) for Philip
Jacobs & another.

*Harry Zarrow* for Samuel Kunen.

GRANT, J. Two of the residuary legatees (legatees) un-
der a will have appealed from a decree of the Probate
Court for Worcester County which awarded an attorney
a total amount of $10,000, payable out of the estate, for
his services to the executor in connection with the settle-
ment of the estate. G. L. c. 215, § 39A. The only contention
of any substance is that the evidence before the Probate
Court did not warrant such an award as the one made. We
consider this contention in light of the truncated portions
of the trial record which have been reproduced in the
legatees' record appendix and affirm the decree. In doing
so we take the occasion to express our views on certain of
the requirements of Mass.R.A.P. 18(a) and (b), 365 Mass.
864, 865 (1974).

The docket entries which have been transmitted to us under Mass.R.A.P. 9(d), 365 Mass. 852 (1974), disclose that at the request of the legatees a stenographer was appointed under G. L. c. 215, § 18 (as in effect prior to St. 1978, c. 478, § 129), to report the evidence at the hearing on the petition filed under the aforementioned § 39A and that a stenographic transcript was seasonably filed with the register.[1] There does not appear to have been any request for a report of material facts (G. L. c. 215, § 11, as appearing in St. 1975, c. 400, § 58), and the judge made no such report.[2] As soon as the appeal was docketed in this court the legatees filed a motion which advised the single justice that one of the two issues on appeal[3] would be the sufficiency of the evidence to support the decree appealed from and requested leave under Mass.R.A.P. 18(f), 365 Mass. 867 (1974), to dispense with the requirement of an appendix and that the appeal be heard on the original papers and the transcript of the proceedings in the Probate Court.[4] The motion disclosed no reason for the request and was promptly denied. The legatees were then allowed to defer the filing of their appendix under Mass.R.A.P. 18(c), 365 Mass. 865 (1974).

The legatees did not designate for inclusion in their appendix any of the exhibits which had been offered in

[1] As it does not appear that the legatees filed any description of the parts of the transcript which they intended to include in the record or any statement of the issues which they intended to present on the appeal, we assume that the transcript includes all the evidence at the hearing on the petition. See Mass.R.A.P. 8(b), 365 Mass. 850 (1974).

[2] The present petition is not subject to Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974), or to Mass.R.Dom.Rel.P. 52(a) (1975). See Mass.R.Civ.P. 1, 365 Mass. 730 (1974), and 81(a), as amended effective February 24, 1975, 367 Mass. 918, and Mass.R.Dom.Rel.P. 1 (as amended effective January 1, 1976) and 81(a) (1975).

[3] The other issue referred to in the motion has now been effectively abandoned. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).

[4] See *FMC Corp.* v. *Knowles Elec. Inc.*, 438 F.2d 1220, 1221 (4th Cir. 1971).

evidence at the hearing in the Probate Court (see Mass.
R.A.P. 18[e], 365 Mass. 867 [1974]), and, except for repro-
ducing one of the exhibits as an addendum to their brief,
they have made no effort to acquaint us with the contents
of any of the exhibits in any of the ways permitted by
Mass.R.A.P. 9(b), 365 Mass. 852 (1974). See *Braniff Air-
ways, Inc.* v. *Curtiss-Wright Corp.*, 411 F.2d 451, 455 (2d
Cir.), cert. denied, 396 U.S. 959 (1969), and cert. denied
sub nom. *Addabbo* v. *Curtiss-Wright Corp.*, 400 U.S. 829
(1970). A perusal of the appendix filed by the legatees
(which unnecessarily includes a copy of the designation
presumably served by them under Mass.R.A.P. 18[b]) dis-
closes that they have reproduced a total of approximately
eight pages of a stenographic transcript which consists of
at least seventy-nine pages. At the end of the appendix
there is to be found a reference to the concluding sentence
of the first paragraph of Mass.R.A.P. 18(b)[5] and a "request
[for] leave to refer to portions of the record omitted from
this Appendix, and to rely thereon."[6] A perusal of the
legatees' brief and reply brief discloses a total of approxi-
mately forty direct or indirect references to exhibits
which have not been brought before us in any fashion or
to portions of the testimony which have not been repro-
duced in the appendix.[7]

---

[5] "In designating parts of the record for inclusion in the appendix,
the parties shall have regard for the fact that the entire record is
always available to the court for reference and examination and shall
not engage in unnecessary designation."

[6] This request did not come to the attention of any of the Justices
until approximately five months after the appendix had been filed,
and then only because the petitioner had filed a motion for summary
disposition under Rule 1 : 28 of the Appeals Court, as amended effec-
tive March 2, 1978, *post* 982.

[7] Not atypical is the following: "The writer of this Brief has spent
several hours studying the transcript of the trial in the Worcester
County Probate Court, and again represents to your Honors that it
contains no direct evidence (other than [the single exhibit already
alluded to in the text of this opinion]) from which the Court could have
determined what services Mr. Kunen and Mr. Novitch performed, or
the fair and reasonable value thereof."

When questioned at the argument as to how he intended to sustain his burden of demonstrating error on the appeal in view of the absence of exhibits and the absence of all the relevant evidence in the appendix, counsel for the legatees referred us to that portion of Mass.R.A.P. 18(b) which is quoted in note 5, *supra.*[8] Counsel's reliance is misplaced, for at least two reasons.

We note first that the language of Mass.R.A.P. 18(b) was taken directly (with minor variations not here material) from that of Fed.R.A.P. 30(b), which took effect in all the United States Courts of Appeals on July 1, 1968. "Like the rules of civil procedure, . . . [Mass.R.A.P. 18(b) is] to be given the adjudged construction . . . given to . . . [Fed.R.A.P. 30(b)] . . . absent compelling reasons to the contrary or significant differences in content." *Westinghouse Elec. Supply Co.* v. *Healy Corp.,* 5 Mass. App. Ct. 43, 47 (1977). The Federal rule was intended to achieve uniformity among the circuits and was considered and adopted in light of a background of conflicting sets of rules concerning the manner in which the contents of a record were to be presented to the appellate judges for their consideration. A review of the cases decided in those circuits which then employed some variation of the record appendix method of designation and presentation discloses that it was generally with reluctance, and only in exceptional circumstances, that a Court of Appeals looked at some portion of the record of a District Court (such as a stenographic transcript) which had not been reproduced in an appendix in the manner required by some applicable rule. See, e.g., *Hornin* v. *Montgomery Ward & Co.,* 120 F.2d 500, 504 (3d Cir. 1941); *Esso Stand-*

---

[8] There is a further reference to the same portion of the rule in an unsolicited submission which was tendered by counsel the day after the argument. Counsel also filed a motion for leave to amend the legatees' designation so as to include the entire trial transcript. The motion was not accompanied by an offer to reproduce the missing portions of the transcript, and the allowance of the motion would bring nothing before our eyes.

*ard Oil Co.* v. *Secatore's, Inc.*, 246 F.2d 17, 22–23 (1st Cir.), cert. denied, 355 U.S. 834 (1957); *Sparrow* v. *Yellow Cab Co.*, 273 F.2d 1, 4–5 (7th Cir. 1959); *Potomac Ins. Co.* v. *Stanley*, 281 F.2d 775, 778 (7th Cir. 1960); *United States* v. *Lefkowitz*, 284 F.2d 310, 316 (2d Cir. 1960); *Morrison* v. *Texas Co.*, 289 F. 2d 382, 383–385 (7th Cir. 1961); *Walters* v. *Shari Music Publishing Co.*, 298 F.2d 206, 207–208 (2d Cir. 1962); *Marcinak* v. *West Indies Inv. Co.*, 299 F.2d 821, 823–824 (3d Cir. 1962); *Haddad* v. *Border Express, Inc.* 303 F.2d 134, 136–137 (1st Cir. 1962); *Pioneer Credit Corp.* v. *Bloomberg*, 323 F.2d 922, 993 (1st Cir. 1963); *Chernack* v. *Radlo*, 331 F.2d 170, 171–172 (1st Cir. 1964); *Valley Stream Flooring Corp.* v. *Green Manor Constr. Co.*, 336 F.2d 6, 7 (1st Cir. 1964); *Kelley* v. *Dunne,* 369 F.2d 627, 628 (1st Cir. 1966) ("We cannot pass upon the correctness of findings when only a small portion of the transcript is made available. Even without a rule, this should be self-evident"). And see *Moran Towing Corp.* v. *M. A. Gammino Constr. Co.*, 363 F.2d 108, 109 (1st Cir. 1966) ("[The rule] means the relevant testimony, not simply the testimony favorable to the appellant").

We think it clear from the note to Fed.R.A.P. 30 which was published by the Advisory Committee on the Federal Rules of Appellate Procedure that the last sentence of the first paragraph of Fed.R.A.P. 30(b), which is verbatim identical to that of Mass.R.A.P. 18(b) (see note 5, *supra*), was intended to provide a measure of relief when there has been an inadvertent omission from an appendix. See Slade, The Appendix to the Briefs: Rule 30 of the Federal Rules of Appellate Procedure, 28 Fed. Bar J. 116, 123–124 (1968).[9] So far as we have been able to ascertain, the majority of the Courts of Appeals which have expressly addressed themselves to the requirements of Fed.R.A.P. 30 have acted in a manner consistent with the expressed

---

[9] Mr. Slade was a member of the Advisory Committee when the explanatory note was published. See 41 F.R.D. 311, 312 (1966); 43 F.R.D. 61, 119 (1968).

intention of the Advisory Committee. See *Alger* v. *Hayes*, 452 F.2d 841, 845 (8th Cir. 1972); *United States* v. *Seaboard Coast Line R.R.*, 517 F. 2d 881, 882 (4th Cir. 1975) (appeal dismissed because the appendix failed to meet the minimum requirements of Fed.R.A.P. 30[a]); *United States* v. *One Motor Yacht Named Mercury*, 527 F.2d 1112, 1113–1114 (1st Cir. 1975) ("The burden is on the appellant to provide this court with an appendix sufficient to support its points on appeal. . . . Without an adequate appendix, we are unable to review the determination of the district court for the sufficiency of the evidence").[10] And see Rule 11(c) of the First Circuit (1978), which reads: "Notwithstanding the provisions of FRAP 30 the court may decline to refer to portions of the record omitted from the Appendix, except by inadvertence, unless leave be granted prior to argument." Contrast *Doyn Aircraft, Inc.* v. *Wylie*, 443 F.2d 579, 584 (10th Cir. 1971).

We cannot characterize any of the omissions in the present case as inadvertent. With full knowledge that the court had refused to hear the case on the original papers and trial transcript, counsel favored us with only one of the exhibits referred to in his brief and, in a single-issue case involving the sufficiency of the evidence to warrant a finding of fact, saw fit to reproduce only a fraction of the testimony in an appendix which contained an express admission of its insufficiency.

There is an additional route to the conclusion that we need not look at parts of a record which have not been reproduced in an appendix. As we pointed out in the *Westinghouse* case, the second sentence of the first paragraph of Mass.R.A.P. 18(a) differs from its counterpart in

---

[10] At this point we pause to inject a word of caution to the appellee. If he fails to exercise the right of counterdesignation which is accorded him by the third sentence of the first paragraph of Mass.R.A.P. 18(b), or exercises that right in a careless manner, and we do not sense the absence from the appendix of relevant portions of the record, the appellee may be surprised by a decision which gives him the uncomfortable feeling that we have somehow missed the mark.

Fed.R.A.P. 30(a) in the respect that there has been added to our rule the express proviso that "the court may decline to permit the parties to refer to portions of the record omitted from the appendix, *unless leave be granted prior to argument* (emphasis supplied)." 5 Mass. App. Ct. at 56–57 n.29.[11] As that case suggests one of the reasons for the proviso is that under the Massachusetts practice (see Mass.R.A.P. 9[a], 365 Mass. 851 [1974]) the original record remains in the court below and is not transmitted to the appellate court in the absence of an express order for transmission which is entered by the appellate court or a Justice thereof. 5 Mass. App. Ct. at 54–55. The proviso assumes particular importance when counsel understand that much of the time spent by the Justices in perusing briefs and appendices in preparation for oral argument is during hours when original records are physically unavailable. See and compare *Marcinak* v. *West Indies Inv. Co.*, 299 F.2d at 823; *United States* v. *Green*, 547 F.2d 333, 334 (6th Cir. 1976). The purposes of such preparation and of oral argument would often be frustrated, and there would be abuses of the rule and inevitable delays in the decision of cases,[12] if counsel could require us to consider parts of original records which have been inexcusably omitted from appendices.

It is for reasons such as these that we have usually adhered to a practice of declining to look at parts of re-

[11] It should be understood that the language of the proviso places an affirmative obligation on counsel to seek and secure such leave in advance of argument. The practice of our single justices, when presented with such requests which they are persuaded to grant, has been to order that the omitted material be reproduced in a supplemental appendix, as an addendum to a brief, or in some other fashion which will insure that the material is brought to the attention of the Justices before they commence their preparation for argument.

[12] There is no need to overwhelm the reader with statistics as to our unavoidable appellate backlog. It is enough for present purposes to point out that the Legislature has recognized the problem and has recently authorized the appointment of four additional Justices to this court. See G. L. c. 211A, § 1, as appearing in St. 1978, c. 478, § 104.

cords which have not been reproduced in appendices unless there has been prior compliance with the proviso of Mass.R.A.P. 18(a) or with the provisions of Mass.R.A.P. 18(f). See *Slater* v. *Burnham Corp.*, 4 Mass. App. Ct. 791, 791 (1976); *Storer* v. *Anderson*, 4 Mass. App. Ct. 809, 809 (1976); *Cantor* v. *Van Noorden*, 4 Mass. App. Ct. 819, 819 (1976); *Haddad* v. *Board of Appeals of Medford*, 4 Mass. App. Ct. 843 (1976); *Dennis* v. *Austin*, 4 Mass. App. Ct. 856 (1976); *Westinghouse Elec. Supply Co.* v. *Healy Corp.*, 5 Mass. App. Ct. at 56–57 n.29; *Woodward* v. *School Comm. of Sharon*, 5 Mass. App. Ct. 84, 89 (1977); *Dente* v. *Pink*, 5 Mass. App. Ct. 791 (1977); *Kipp* v. *O'Reilly*, 5 Mass. App. Ct. 795 (1977); *O'Neill* v. *First Ipswich Co. Inc.*, 5 Mass. App. Ct. 820, 820–821 (1977); *Svenson* v. *First Natl. Bank*, 5 Mass. App. Ct. 440, 450 (1977); *White* v. *Burger*, 5 Mass. App. Ct. 879, 880 (1977); *Ford Marketing Corp.* v. *Hartford Ins. Co.*, 5 Mass. App. Ct. 891 (1977).[13] Contrast *Kiss* v. *Board of Appeals of Longmeadow*, 371 Mass. 147, 150 (1976); *Ainslie* v. *Ainslie*, post 692, 695 n.3 (1978). There is no reason to depart from that practice in the circumstances of the present case.[14]

The appendix in this case is insufficient to permit review of any question (if there is one) as to the sufficiency of the evidence to warrant the trial judge's ultimate finding of the value of the services rendered by the petitioner to the executor in the course of the settlement of the estate. As already noted, there are no subsidiary findings of fact. So far as we are concerned, the case comes to us solely on the petition and the decree. In such circumstances the decree must be affirmed simply because it falls within the scope of the pleadings and contains no

---

[13] There is nothing to the contrary in *Cambridgeport Sav. Bank* v. *Binns*, 5 Mass. App. Ct. 205 (1977). The papers on file in this court disclose that the missing master's report was supplied to us by counsel for one of the appellees pursuant to leave first obtained from the single justice.

[14] The motion to amend the legatees' designation (note 8, *supra*) is denied.

indication of legal error. See *Herlihy* v. *Flemings*, 4 Mass. App. Ct. 787 (1976) (also decided under G. L. c. 215, § 39A). Compare *Thayer Co.* v. *Binnall*, 326 Mass. 467, 483 (1950), *S.C.*, 335 Mass. 150 (1956); *Hinds* v. *Hinds*, 4 Mass. App. Ct. 63, 65 (1976).

*Decree affirmed.*