DAVID CHUB *vs.* ELECTRIC INSURANCE COMPANY.

Essex.   October 14, 1983. — November 1, 1983.

Present: GRANT, PERRETTA, & SMITH, JJ.

*Practice, Civil*, Summary judgment, Consumer protection case, Appeal.
  *Consumer Protection Act*, Insurance claim.

Summary judgment was appropriately entered in favor of the defendant
  insurance company in an action against it under G. L. c. 93A, § 9, by
  a plaintiff alleging injury from unfair claim settlement practices by the
  company, where the plaintiff made no showing that he was adversely
  affected by any of the company's alleged acts or omissions. [62-63]

CIVIL ACTION commenced in the Superior Court Depart-
ment on July 14, 1981.

The case was heard by *Bennett, J.*, on a motion for sum-
mary judgment.

*James J. O'Malley, III,* for the plaintiff.
*D. Alice Olsen* for the defendant.

SMITH, J.   In his amended complaint the plaintiff sought
recovery from the defendant under G. L. c. 93A, § 9, for
alleged unfair claim settlement practices, see G. L. c. 176D,
§ 3(9), with respect to his claim for uninsured motorist
benefits under motor vehicle liability policies issued by the
defendant.   After a hearing on a motion for summary judg-
ment brought by the defendant under Mass.R.Civ.P. 56,
365 Mass. 824 (1974), a judge granted summary judgment
dismissing the action, and the plaintiff has appealed.

A cause of action grounded on a supposed violation of
G. L. c. 93A may be an appropriate matter for summary
judgment, provided that there is no genuine issue of materi-
al fact, *Lowell Gas Co.* v. *Attorney Gen.*, 377 Mass. 37, 39
n.1 (1979), *Noyes* v. *Quincy Mut. Fire Ins. Co.*, 7 Mass.
App. Ct. 723, 725 (1979), or if the opposing party has not

been adversely affected by a violation of G. L. c. 176D, § 3(9), *Van Dyke* v. *St. Paul Fire & Marine Ins. Co.*, 388 Mass. 671, 678 (1983). In support of its motion, the defendant submitted the plaintiff's amended complaint, the defendant's answer, the plaintiff's answers to interrogatories, and the plaintiff's response to the defendant's request for admissions.[1] In response, the plaintiff did not submit any affidavit or other documentation, and the record is silent on the question whether the motion judge's attention was directed by the plaintiff to any document previously filed in the case.

The record shows that the plaintiff, while driving his mother's car, was involved in a two-car accident in which he suffered injuries. The liability insurer of the other automobile initially refused coverage and the plaintiff sought recovery from the defendant, which had issued policies to the plaintiff's parents. Those policies contained uninsured motorist coverage.[2] The plaintiff claims that the defendant violated G. L. c. 176D, § 3(9)(f), inserted by St. 1972, c. 543, § 1, which states that it is an unfair claim settlement practice for an insurance company to fail to "effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear." In his answers to the defendant's interrogatories, the plaintiff stated that the defendant was "extremely slow in evaluating case and making an offer once it finally conceded there was coverage." The plaintiff also stated that the defendant's settlement offer was "extremely low." In the same answer, the plaintiff states that he obtained a settlement of $16,500 from the liability insurer which had initially denied coverage. The plaintiff does not show in this record that he sustained any injury, suffered any damages in excess of the $16,500 he ul-

---

[1] The defendant's motion, reproduced in the record appendix, specifically referred to these documents.

[2] Both parties agree that the denial of coverage by the liability insurer of the other automobile rendered that automobile uninsured for purposes of the defendant's policies.

timately received from the tortfeasor's insurer, or was otherwise harmed by the defendant. The omission is of critical importance because, even if the defendant had violated G. L. c. 176D, § 3 (9) (f), a point we do not reach, the plaintiff "had to be adversely affected by that violation in order to be entitled to recover under G. L. c. 93A, § 9." *Van Dyke* v. *St. Paul Fire & Marine Ins. Co.*, *supra*. The plaintiff's counsel claimed at oral argument that he brought to the motion judge's attention the plaintiff's further answers to the defendant's interrogatories wherein he had outlined damages that he had suffered as a result of the defendant's unfair claim settlement practices.[3] Those answers have not been reproduced by the plaintiff in the appendix; Mass. R.A.P. 18(a), as appearing in 378 Mass. 924, 940 (1979). *Kunen* v. *First Agricultural Natl. Bank*, 6 Mass. App. Ct. 684, 688-689 (1978). There was no attempt by the plaintiff's counsel under Mass.R.A.P. 8(c), as appearing in 378 Mass. 924, 933 (1979), to furnish a statement agreed to by the defendant and approved by the motion judge as to whether the further answers to interrogatories were brought to the attention of the judge during the proceedings below. Therefore, on the record before us, we conclude that the summary judgment was properly granted.

*Judgment affirmed.*

---

[3] At the argument before us, the plaintiff's counsel identified the damages now claimed as the counsel fees that the plaintiff incurred in obtaining monetary damages from the insurer of the other automobile.