PETER N. FOSS & another *vs.* EMPLOYERS FIRE INSURANCE COMPANY, INC., & another. November 27, 1984. *Release.*

The plaintiffs sued the defendants (a fire insurer and the insurance agency through which the policy was obtained) on various claims arising out of a drug store fire on May 5, 1977. Before suit the insurer had paid the following sums under the policy: on June 15, 1977, $61,000, for loss to contents (inventory and fixtures); on July 29, 1977, $8,736.93, for business interruption loss; and on August 8, 1977, $35,335.45, for damages to the building.

A judge of the Superior Court allowed the defendants' motions for summary judgment on all claims, and the plaintiffs appealed. 1. The amount paid for business interruption loss was computed on the basis of business interruption through August 20, 1977. (The amount for that period is not in dispute.) In fact, the business did not reopen until September 15. The plaintiffs are not entitled to recover for the additional period, having signed a broadly worded release ("in full settlement of all claims and demands of the [plaintiffs under the business interruption coverage] for loss and damage by fire occurring on [May 5, 1977]"). See *Tompkins* v. *Hill,* 145 Mass. 379, 380 (1887). There is no suggestion of its having been signed due to fraud, accident, or mistake. See *Century Plastic Corp.* v. *Tupper Corp.,* 333 Mass. 531, 533 (1956). 2. The scope of coverage to the building was in contest initially due to a mistake by the agency in preparing the policy (the insureds did not own the entire premises, as stated in the policy, but leased a portion from a person mentioned in the policy as a mortgagee). The insurer eventually agreed to cover the entire loss notwithstanding, and the plaintiffs on August 5 signed a release worded similarly to that discussed above. The plaintiffs now seek recovery of additional damages for the delay of three months between the fire and the payment. To the extent that that claim is grounded in contract, it is, in our view, barred by the release. *ACF. Produce, Inc.* v. *Chubb/Pac. Indem. Group,* 451 F. Supp. 1095, 1101 (E.D. Pa. 1978). Unlike *Alliance Ins. Co.* v. *Alper-Salvage Co.,* 19 F.2d 828, 831-832 (6th Cir. 1927), there was no substantial delay here between the settlement or determination of the amount to be paid and the actual payment. To the extent (suggested only by the plaintiffs' brief in this court) that the claim could be read as grounded in a violation of G. L. c. 176D, § 3(9)(*f*), for which recovery may be had under G. L. c. 93A, § 11 (see *Dodd* v. *Commercial Union Ins. Co.,* 373 Mass. 72, 79-81 [1977]; *Van Dyke* v. *St. Paul Fire & Marine Ins. Co.,* 388 Mass. 671, 675 [1983]; *Chub* v. *Electric Ins. Co.,* 17 Mass. App. Ct. 61 [1983]), it is determinative that such a reading was expressly disavowed by the plaintiffs at the hearing in the Superior Court. 3. The single sentence in the plaintiffs' brief which alludes to the plaintiffs' claim under count 3 of the complaint (concerning the extra expenses coverage of the policy) does not constitute argument within the meaning of Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). See *Lolos* v. *Berlin,* 338 Mass. 10, 13-14 (1958). The fourth count is not mentioned, directly or indirectly.

*Judgment affirmed.*

*Andrew T. Campoli* (*Thomas L. Campoli* with him) for the plaintiffs.
*John H. Madden, Jr.,* for Employers Fire Insurance Company, Inc.
*John D. Lanoue* for Colt Insurance Agency, Inc.