Cavanaugh, J.
The plaintiff (appellee) brought suit in two counts, one in contract and the other alleging a violation of Chapter 93A
The contract action was brought under the terms of a standard comprehensive automobile insurance policy: The plaintiff asserted that his van had been stolen and stripped of its radio and stereo parts.
The trial judge found that the plaintiff participated in the theft and looting of his own vehicle and found for the defendant (appellant) on the contract claim.
The plaintiffs second count alleged a violation of Chapter 93A asserting that the insurer, in spite of over fifty telephone inquiries over a span of eight months, failed to respond to the plaintiff or to conduct a reasonable investigation. Plaintiff also alleged that after the receipt of a 93A claim letter the defendant took more than thirty days to respond.
On this count the trial judge found that the defendant’s delay in processing the claim and its failure to respond to the plaintifPs Chapter 93A claim letter amounted to a violation of Chapter 93A, §2, found minimal damages in the amount of $25.00 and assessed attorney’s fees in the amount of $5,000.00.
The defendant filed a post-judgment motion to “amend or alter the judgment or in the alternative for a new trial” with respect to Count II of the plaintiff/appellee’s complaint. This motion was denied by the trial judge.
From the denial of these motions the defendant has brought this appeal, seeking to reverse the judgment on Count II or to reduce or eliminate the attorney’s fees assessed.
The defendant contends that “as a matter of law the award of attorney’s fees in the light of the Court’s finding on Count I... is erroneous and... the Defendant is entitled to judgment on Count II as a matter of law.” We agree.
Assuming, arguendo, that the insurer violated G.L.c. 176, §§3(9)(b),(d),(e), and (n), the plaintiff must still show that he has been injured by such violation. Chub v. Electric Ins. Co., 17 Mass. App. Ct. 61 (1983). Here the injury or damage to the plaintiff, if any, was occasioned by his intentional filing and aggressive pursuit of a false and fraudulent claim. In Leardi v. Brown, 394 Mass. 151 (1985), the court held that where there has been an invasion of a legally protected interest but no harm for which actual damages can be awarded, a minimum recovery of damages in the amount of $25.00 would be supportable. But in this case the plaintiffs pursuit of afalse and fraudulent claim was not a legally protected interest.
Chapter 93A protects a consumer from the fraudulent or deceptive practices of those engaged in “trade or commerce.” In this case the plaintiff consumer sought to recover for his own deceptive and fraudulent acts. Chapter 93A is not intended to *31 reward or compensate a consumer who is only “damaged” because he was thwarted in his pursuit of a fraud.
We believe that this case is controlled by the finding in Van Dyke v. St. Paul Fire & Marine Ins. Co.,388 Mass. 671 (1983). InthatcasetheSupremeJudicialCourtupheld an entry of summary judgment in a c. 93A claim where it was alleged that the insurer, in the underlying malpractice case, failed to conduct a reasonable investigation and refused to pay a claim in a timely fashion as directed by c. 93A.
At trial in the underlying malpractice case the plaintiff prevailed against the defendant/insurer.
In St. Paul it was not clear that at the time of the denial of the claim that the insurer had conducted a “reasonable investigation” based on all available information as required by G.L.c. 176D, §3(9) (d), nor was it clear that it made a fair, prompt and equitable settlement as required by G.L.c. 176D, §3(9) (f).
The court concluded “we do know from St. Paul’s uncontroverted affidavits that after the G.Lc. 93A complaint was filed in this action, St. Paul received independent advice from an expert witness and trial counsel, involved in the underlying action, that indicated that liability was not reasonably clear. This advice suggested a reasonable prospect of success at trial and, if the advice had been in St. Paul’s possession when it rejected the plaintiffs 93A demand, the refusal to settle would not have violated G.L.c. 176D, §§3(9) (d) or (f). Liability would not have been reasonably clear.
The courtfurther held that “Even if St. Paul violated G.L.c. 176D, §§3 (9) (d) and (f) the plaintiff had to he adversely affected by that violation in order to be entitled to recovery under G.L.c. 93A, §9. If St. Paul did not have adequate information to reject the G.L.c. 93A demand when it did, it ran the risk that subsequent events would not support its assertion that its insureds had a reasonable defense.... Thus, any omission by St. Paul to comply with G.L.c. 176D, §3(9) did not cause any injury to or adversely affect the plaintiffs. The plaintiffs therefore have no claim under G.L.c. 93A, §9.
Applied to the instant case we find that the fraudulent claim by the plaintiff, as found at trial, would preclude him from a recovery under c. 93A
Since the plaintiff is not entitled to relief under c. 93A he is not entitled to an award of attorney’s fees. Jet Line Services, Inc. v. American Employers Ins. Co., 404 Mass. 706 (1989). See also Levy v. Bendetson, 6 Mass. App. Ct. 558 (1978). As was stated in Martha’s Vineyard Auto Village, Inc. v. Newman, 30 Mass. App. Ct. 363 (1991),
... a plaintiff must be entitled to relief in some other respect in order to be entitled to an award of attorney’s fees. A plaintiff gets no bounty in the form of attorney’s fees for merely identifying an unfair or deceptive act or practice.
The injury sustained by the plaintiff was self-inflicted and, in the final analysis, mortal to his c. 93A claim.
Judgment is to enter for the defendant/appellant on Count II.