The former husband (husband), appeals from a contempt judgment arising from the former wife's (wife's) complaint alleging the husband failed to comply with numerous financial aspects of the divorce judgment. After a hearing at which both the husband and the wife testified, the judge found that on January 26, 2016, a divorce nisi entered pursuant to a separation agreement that the judge found to be fair and reasonable. The judge then recounted the numerous provisions of the separation agreement with which he found the husband had failed to comply. He concluded that the husband had clearly disobeyed clear and unequivocal orders and found him in contempt. In addition, the judge specifically rejected the husband's contention that the separation agreement had been altered to include provisions to which he had not agreed.
On appeal, the husband argues that (1) the judge's finding of contempt was erroneous because the husband had submitted substantial evidence that he had complied with what he believed to be the divorce judgment; (2) the proceedings were unfair and the judge was biased; and (3) the Probate and Family Court lacked jurisdiction due to improper service by the wife, thereby violating his due process rights.
We first note that the husband has not provided a transcript of the contempt proceedings below.[2] "It is the obligation of the appellant[ ] to include in the appendix those [materials] which are essential for review of the issues raised on appeal." Shawmut Community Bank, N.A. v. Zagami, 30 Mass. App. Ct. 371, 372-373 (1991), S.C., 411 Mass. 807 (1992). Without the benefit of the entire record before us, our review for any claim of error is generally barred. See M.M. v. D.A., 79 Mass. App. Ct. 197, 207 (2011) (by failing to provide appellate court with complete transcripts, appellant cannot argue judge's ruling is unsupported by evidence). See also Mass.R.A.P. 8(b)(1), as amended, 430 Mass. 1601 (1999). In addition, we are not bound to look beyond the record appendix. Kunen v. First Agric. Natl. Bank of Berkshire County, 6 Mass. App. Ct. 684, 690-691 (1978).
Having reviewed the limited record before us, we find nothing to support the husband's assertion that the wife's counsel perpetrated a fraud on the court by submitting to the judge a different version of the separation agreement. Conspicuously, as noted by the judge, the husband did not file any motions for relief from the divorce judgment. Accordingly, that judgment remains in effect, and the husband does not appear to dispute that he did not comply with many of its provisions, only arguing that he complied with two temporary orders requiring him to pay certain monies to the wife (which were not the basis for her contempt complaint). We are equally unable to evaluate the husband's contention of bias on the judge's part, which appears to be based on nothing more than the husband's displeasure with the judge's adverse rulings. Finally, the husband's claim of a due process violation is unavailing where the judge's finding that the husband was properly served does not appear to be clearly erroneous and where, in any event, he had notice of the proceedings and was given an opportunity to be heard.
Judgment affirmed.

The only transcript submitted by the husband appears to concern a pretrial hearing on various motions filed by the husband. It contains the testimony of only one witness: a process server, and relates to the husband's argument that he was never properly served with the contempt complaint. The judge made a factual finding to the contrary on the record of that hearing.