NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-203

A.M.

vs.

K.M.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff filed a complaint for protection from abuse under G. L. c. 209A on January 25, 2022, naming her then-husband as the defendant.  A judge of the Probate and Family Court granted an ex parte order, which was subsequently extended four times, until April 2024, at which time the plaintiff requested that it be made permanent.  The defendant now appeals from the permanent abuse prevention order and an order denying his motion to modify the appellate record.  Because the judge was authorized to extend the c. 209A order based on her findings that the plaintiff had a reasonable fear of imminent physical harm and had suffered past physical abuse, and because our review is properly limited to the record before the trial court,

we affirm both orders.  See McIsaac v. Porter, 90 Mass. App. Ct. 730, 733-734 (2016).

Background.  The parties share two minor children; the abuse prevention order limits the defendant's contact with the children to FaceTime calls supervised by the plaintiff.  The plaintiff filed the complaint for protection from abuse two years after the parties filed for divorce, in January 2022.[1]  In her affidavit, the plaintiff averred that on January 21, 2022, after being informed that the defendant refused to submit for hair testing for drugs and alcohol under their custody order, she told him she would not give him the children until they could address the issue with a judge.  The defendant called the plaintiff and screamed, "You better hand the kids over to me or you will never see them again you stupid fucking bitch!"  The plaintiff received similar messages until the defendant sped into her driveway, banged on her door, and snatched the oldest child -- who was not wearing shoes or a coat -- from the home in eleven degree weather.  The defendant did not bring the child to school the next school day, but continued sending the plaintiff threatening text and e-mail messages.  The plaintiff concluded by emphasizing the erratic and unpredictable nature of the

_____

[1] Their divorce was finalized in September 2023 while the abuse prevention order was in place.

2

defendant's behavior, the history of violence, and the open domestic assault and battery charge against the defendant.

At the ex parte hearing where he issued the order, the judge scheduled a two-party hearing for January 31, 2022. The parties later agreed to extend the order to April 2022 to allow the defendant to obtain counsel. The order was amended in February 2022 to allow the defendant to have daily FaceTime communication with the children, supervised by the plaintiff. At the April 2022 hearing, the order was extended for a year. At the April 2023 extension hearing, the judge extended the order for another year. The parties' divorce concluded in September 2023 when final judgment entered at a pretrial conference the defendant missed. Finally, at the April 2024 extension hearing, the parties proceeded on representations of counsel and the judge extended the order permanently, including all prior modifications.[2]

The defendant filed a notice of appeal from the permanent order. He then filed a motion to modify the appellate record to include the police report of the incident that led to the issuance of the ex parte order and the parties' testimony from

---

[2] The orders were entered by three different judges. One judge entered the ex parte order, a different judge entered the permanent order, and a third judge entered the intervening extension orders.

3

the defendant's criminal trial.  A different judge denied the defendant's motion after a hearing.  The defendant filed a notice of appeal from that denial, and the two appeals were consolidated.

Discussion.  The defendant argues that the entry of the permanent order violated his fundamental constitutional rights as a parent and was an abuse of discretion.  He also argues that the judge erred in refusing his request to modify the appellate record.

1.  Permanent order.  The defendant challenges the judge's decision to issue a permanent abuse prevention order that restricts his contact with his children to supervised FaceTime calls.  He first argues the order unconstitutionally violates his fundamental right to a relationship with his children because the record is devoid of allegations that he abused them. This argument fails.

A plaintiff who seeks an abuse prevention order under G. L. c. 209A, whether the initial, ex parte order, or its extension, must prove by a preponderance of the evidence that she is suffering from abuse.  See Frizado v. Frizado, 420 Mass. 592, 597 (1995).  "Abuse" is defined as, inter alia, "causing physical harm" and "placing another in fear of imminent serious physical harm."  G. L. c. 209A, § 1.  When seeking to prove

4

abuse by the latter theory, the fear of imminent serious physical harm must be reasonable. See Iamele v. Asselin, 444 Mass. 734, 737 (2005).

"We review the extension of a c. 209A order 'for an abuse of discretion or other error of law'" (citation omitted).[3] Latoya L. v. Kai K., 104 Mass. App. Ct. 173, 177 (2024). A judge abuses her discretion where she makes a clear error of judgment in weighing the relevant factors such that the decision falls outside the range of reasonable alternatives. See Constance C. v. Raymond R., 101 Mass. App. Ct. 390, 394 (2022). We accord the credibility determinations of the judge who

---

[3] The defendant urges us to review the facts and law de novo because his constitutional rights are implicated. "[W]e will not substitute our judgment for that of the trier of fact," but we do "scrutinize without deference the propriety of the legal criteria employed by the trial judge and the manner in which those criteria were applied to the facts" (citation omitted). Latoya L. v. Kai K., 104 Mass. App. Ct. 173, 177 (2024). See also Schechter v. Schechter, 88 Mass. App. Ct. 239, 245, 251-253 (2015) (applying deferential standard of review to cases involving custody or visitation and finding no error in judge's decision including one-year suspension of visitation in permanent abuse order under G. L. c. 209A). And even if we were inclined to do so, the defendant has furnished an inadequate record for us to review the facts de novo. See Kunen v. First Agric. Nat'l Bank of Berkshire County, 6 Mass. App. Ct. 684, 689 (1978), quoting from United States v. One Motor Yacht Named Mercury, 527 F.2d 1112, 1113-1114 (1st Cir. 1975) ("The burden is on the appellant to provide [the appellate] court with an appendix sufficient to support its points on appeal").

observed the parties' demeanor the utmost deference.  See

Noelle N. v. Frasier F., 97 Mass. App. Ct. 660, 664 (2020).

The defendant argues that the lack of evidence supporting

the order that he abused the children renders it

unconstitutional.  Because this argument challenges the evidence

supporting the initial ex parte order,[4] and because the defendant

has not provided the necessary documents supporting his

argument, our review is limited.  See Kunen v. First Agric.

Nat'l Bank of Berkshire County, 6 Mass. App. Ct. 684, 689

(1978).

We first recognize that "parents have a fundamental

interest in their relationships with their children that is

constitutionally protected."  Opinion of the Justices, 427 Mass.

1201, 1203 (1998).  That right is not absolute, however; it

yields to the policy that a child's welfare must be the

paramount concern when a judge determines custody, so a judge

may impose restrictions on visitation when it is determined not

to be in the best interests of the child.  See Schechter v.

Schechter, 88 Mass. App. Ct. 239, 246-248 (2015) (issuance of

---

[4] The defendant is not entitled to appellate review of the ex parte order; the hearing after notice is the review provided by law for an ex parte order in these circumstances.  See V.M. v. R.B., 94 Mass. App. Ct. 522, 524-525 (2018); C.R.S. v. J.M.S., 92 Mass. App. Ct. 561, 564-565 (2017).

G. L. c. 209A order based on finding that father placed mother in fear of imminent serious physical harm triggered rebuttable presumption that sole or shared custody with abusive parent not in child's best interests where judge found pattern or serious incident of abuse). See also G. L. c. 209A, § 3 (d).

At the April 2024 hearing, the judge credited the plaintiff's representation that the defendant had physically harmed her. Where a victim seeks an extension based on having already been subject to physical harm, a judge may reasonably conclude that there is a continued need for the order because the resulting damage affects the victim even when further physical attack is not reasonably imminent. See Callahan v. Callahan, 85 Mass. App. Ct. 369, 374 (2014). But where the initial order was issued on the basis that the plaintiff has a reasonable fear of imminent serious physical harm, the inquiry is whether she continues to have a reasonable fear of imminent physical harm.[5] See id. A judge is to examine "the totality of

_____

[5] Because the limited record prevents us from determining the precise basis for the application or issuance of the initial order, we address it under the only two theories reasonably raised by the briefs -- causing physical harm and placing another in fear of imminent serious physical harm. See G. L. c. 209A, § 1. We discuss in tandem the defendant's argument that any fear the plaintiff had of imminent serious harm in April 2024 was objectively unreasonable in light of the history of the parties' relationship.

the circumstances of the parties' relationship" at the time of the extension request, viewed in the light of the initial order. Iamele, 444 Mass. at 741.

At the extension hearing, the judge considered the ex parte order, the allegations in the affidavit, six pending abuse prevention order violation actions against the defendant related to this case, e-mail messages, letters, and testimony undermining the plaintiff's credibility, and representations of both parties' counsel. The plaintiff's attorney represented that there was a long history of abuse by the defendant that, coupled with the pending violations, caused the plaintiff to fear what the defendant would do without the order in place. The plaintiff represented that there was ongoing litigation despite the conclusion of the divorce and that she would be required to testify in those trials.

Next, the plaintiff's attorney detailed the four most significant instances of abuse during the parties' marriage, occurring in October 2018, April 2019, November 2019, and December 2019. In October 2018, the defendant grabbed the plaintiff's neck and punched her thigh in front of their minor children, ripping the oldest son out of the car and running down the street with him. In April 2019, the defendant chased the plaintiff around the house and grabbed her neck, choking and

bruising her and hitting her repeatedly on the head.  The defendant was arrested and charged, but was ultimately acquitted of the offense.  In November 2019, he grabbed the plaintiff while mad, leaving a mark.  Finally, in December 2019, the defendant bit the plaintiff on the arm, again leaving a mark.  The plaintiff moved out of their house in early 2020.

The defendant's attorney challenged the allegations underlying the order and referenced the January 2022 police report, an e-mail message and letter from the plaintiff about the incident, and the parties' testimony in the defendant's criminal case, emphasizing his acquittal and the lack of threats directed at the children.  At the conclusion of the hearing, the judge credited the plaintiff's representations, found a reasonable likelihood of immediate danger of abuse, and made the order permanent.

In support of his appeal, the defendant has provided the affidavit attached to the plaintiff's 2022 complaint for protection but has not included any documents filed with it.  Similarly absent are the transcripts from all hearings before April 2024, including the ex parte hearing where the initial order was issued in January 2022.  As appellant, the defendant bears the burden of providing a complete appellate record.  See Kunen, 6 Mass. App. Ct. at 689.

On this record and given the representations of the plaintiff's counsel at the 2024 hearing, we cannot say the judge's decision to make the order permanent falls outside the range of reasonable alternatives or infringes unconstitutionally on the defendant's rights. See Constance C., 101 Mass. App. Ct. at 394. Nor can we agree with the defendant's contention that the judge failed to conduct a focused consideration of the evidence. She asked questions throughout the hearing and closely examined the timeline of events and the defendant's pending restraining order violations. And while specific findings are always helpful to a reviewing court, they are not required "[w]here we are able to discern a reasonable basis for the order," as we have done here. Nelson N. v. Patsy P., 98 Mass. App. Ct. 78, 81 n.7 (2020), quoting G.B. v. C.A., 94 Mass. App. Ct. 389, 396 (2018). See, e.g., Ginsberg v. Blacker, 67 Mass. App. Ct. 139, 140 n.3 (2006).

The evidence before us sufficiently supports the judge's conclusion that a permanent order was required to protect the plaintiff from abuse. See Latoya L., 104 Mass. App. Ct. at 177-178.

2. Motion to modify appellate record. The defendant also argues that the judge erred in denying his motion to modify the appellate record. The defendant seeks to admit the police

10

report underlying the January 2022 incident prompting the plaintiff to file the complaint.  He also seeks to admit the transcript from his criminal trial, arguing that his testimony and that of the plaintiff at the trial directly bear on the merits of this appeal.

The question before us is whether, at the April 2024 extension hearing, the plaintiff met her burden to demonstrate a reasonable fear of imminent physical harm or a continued need for protection against abuse.  Because neither the police report nor the transcript from the defendant's criminal trial bear on this issue, and because the trial judge allowed the defendant's attorney to read all parts she considered relevant at the 2024 extension hearing,[6] we affirm the denial of the defendant's

---

[6] The defendant's attorney did not move to admit the criminal trial transcript.

motion to modify the appellate record.  See <u>Commonwealth</u> v. <u>Jackson</u>, 376 Mass. 790, 791 n.2 (1978).

<u>Order dated April 1, 2024, extending harassment prevention order affirmed</u>.

<u>Order dated September 23, 2024, denying motion to modify appellate record affirmed</u>.

By the Court (Singh, Grant & Tan, JJ.[7]),

Clerk

Entered: May 8, 2026.

---

[7] The panelists are listed in order of seniority.