**UNITED STATES of America, Appellant,**

v.

**SEABOARD COAST LINE RAILROAD, Appellee.**

No. 75–1130.

United States Court of Appeals, Fourth Circuit.

Submitted April 30, 1975.

Decided June 5, 1975.

Irving Jaffee, Acting Asst. Atty. Gen., William B. Cummings, U. S. Atty., Stephen F. Eilperin and Lenard H. Gorman, Attys., Civ. Div., Dept. of Justice, on brief for appellant.

Virginia H. Hackney, Richmond, Va., for appellee.

Before WINTER, CRAVEN and RUSSELL, Circuit Judges.

PER CURIAM:

Seaboard Coast Line Railroad has moved to dismiss the appeal for failure on the part of the United States of America to comply with Rule 30, F.R. A.P., requiring the appellant to prepare and file an appendix to its brief.

The brief filed by the government purports to include an appendix, but the appendix fails to meet the minimum requirements of Rule 30(a). Although Rule 30(a) states that the appellant's appendix "*shall*" contain "(1) the relevant docket entries . . . ; (2) any relevant portions of the pleadings, charge, findings or opinion; (3) the judgment, order or decision in question; and (4) any other portions of the record to which the parties wish to direct the particular attention of the court," the appendix to the government's brief consists of two pages reproducing only two bills of lading. The government has neither sought nor obtained an order under Rule 30(c) which authorizes the filing of a deferred appendix, nor has it sought or obtained an order under Rule 30(f) authorizing an appeal to be heard on the original record. In its opposition to Seaboard's motion to dismiss the appeal, the government alleges that the failure to file an appendix does not affect the jurisdiction of this court, that the issues on review are apparent from its brief, and that it has no objection to permitting Seaboard to file an appendix.

The obligation to file an appendix is clearly that of the appellant—in this case, the government. The rule has been flagrantly violated, and we think this is an appropriate case to apply a strong sanction. *See* FMC Corporation v. Knowles Electric, Inc., 438 F.2d 1220 (4 Cir. 1961). *See also* Esso Standard Oil Company v. Secatore's, Inc., 246 F.2d 17 (1 Cir.), cert. denied, 355 U.S. 834, 78 S.Ct. 54, 2 L.Ed.2d 46 (1957).

Appeal dismissed.