**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Jared Powers GREEN, Defendant-Appellee.**

**No. 76–1451.**

United States Court of Appeals, Sixth Circuit.

Submitted Dec. 1, 1976.

Decided Dec. 21, 1976.

---

Frank S. Spies, U.S. Atty., Robert C. Greene, Grand Rapids, Mich., for plaintiff-appellant.

Vernon Kortering, McCroskey, Libner, VanLeuven, Kortering, Cochrane & Brock, P. C., Muskegon, Mich., for defendant-appellee.

Before PHILLIPS, Chief Judge, and McCREE and ENGEL, Circuit Judges.

PER CURIAM.

The United States appeals from the order of the District Court dismissing an indictment charging appellee with failure to report for induction into the armed forces.

We dismiss the appeal for failure to file a legible and complete appendix as required by Fed.R.App.P. 30 and 32.

---

The requirements for the appendix are summarized in the Sixth Circuit Practitioners Handbook [1] as follows:

The *appendix* is in effect the vitals of the record. It is those *parts of the record which the parties desire each judge to have before him as he studies the briefs.* While the entire original record or designated portions thereof will most likely have been transmitted to the clerk of the Court of Appeals, it would be cumbersome for all the judges to refer to that record. On the other hand, to require the entire record to be reproduced for each of the judges would be burdensome to the parties and would present each judge with more than may be necessary to a just disposition of the case, especially since many points raised in the trial may not be pertinent to the issues raised on appeal. The appendix enables the parties to reduce the record to manageable size.

The appellant has the duty to prepare and file the appendix, but the parties are encouraged to agree on the contents. The parties and the Court may rely on any material in the record, even if it is not included in the appendix, although excessive reference to the original record should not be necessary.

In each case the appendix must contain the relevant docket entries in the proceedings below; relevant portions of the pleadings, charge, findings, or opinion; the judgment, order, or decision in question; and any other parts of the record (usually the transcript and exhibits) to which the parties wish to direct the Court's attention. The appendix is required to have the date of filing or of entry of each pleading, judgment, decree, order, decision, or other document set out at the beginning; and each document contained in the appendix must conform to the original as to content, dates, and signatures. Inclusions in the appendix are arranged chronologically but the exhibits may be separately bound.

(Footnotes omitted.)

In the present appeal many of the pages are illegible. Others are so dim as to make it difficult to read without the use of a magnifying glass. Obviously, an appendix is of no use to the court unless it can be read.

Another deficiency in the appendix in the present case is that it is not complete. An important document involved on the appeal is an announcement made by President Nixon dated September 19, 1969, which cancelled the programmed draft calls for the months of November and December 1969. Appellee contends that the document excluded him from induction into military service. The appendix does not include a copy of this announcement by the President.

The appeal is dismissed.

---

1. Sponsored by the Cincinnati Chapter of the Federal Bar Association in 1971, as revised and supplemented.