## UNITED STATES of America, Plaintiff-Appellant,

v.

## Kenneth B. KUSH et al., Defendants-Appellees.

### No. 77–5284.

United States Court of Appeals, Sixth Circuit.

Argued June 7, 1978.

Decided July 14, 1978.

James K. Robinson, U. S. Atty., F. William Soisson, Gordon S. Gold, Asst. U. S. Atty., Detroit, Mich., for plaintiff-appellant.

Samuel E. McCargo, Riley & Roumell, Detroit, Mich., for Kush.

Kenneth R. Sasse, Federal Public Defender, F. Randall Karfonta, John Tapp, Detroit, Mich., for Tarnowski.

Before PHILLIPS, Chief Judge, MERRITT, Circuit Judge, and BALLANTINE, District Judge.*

PHILLIPS, Chief Judge.

This is yet another appeal in which the attorney for the appellant has failed to file an appendix as required by Rule 30, Federal Rules of Appellate Procedure.[1] The Government appeals from the order of the district court granting defendants' motion to suppress certain evidence. We dismiss the appeal for failure to file an acceptable appendix.

---

* Honorable Thomas A. Ballantine, Judge, United States District Court for the Western District of Kentucky, sitting by designation.

1. The text of pertinent parts of Rule 30 is attached as an appendix to this opinion.

On November 21, 1977, this court entered the following order in this action:

Defendant-Appellee Kenneth B. Kush has filed a motion to dismiss the appeal herein for the reason that appellants have filed an appendix without complying with Rule 30 of the Federal Rules of Appellate Procedure.

Upon consideration of this motion and a memorandum in opposition thereto which has been filed by counsel for the appellants, and noting that the rules of this Court provide for the filing of a single joint appendix.

It is ORDERED that the motion to dismiss be and is hereby granted; provided, however, that if counsel for the appellant files a proper appendix and re-incorporating references to said appendix not later than December 12, 1977, this order of dismissal shall be deemed vacated.

Instead of filing a single joint appendix as required by Rule 30, counsel for the Government filed a document designated as an "amended appendix" which fails to comply with Rule 30. The "amended appendix" is no more than an inadequate supplement to the Government's original piecemeal approach to an appendix. Some of the pages do not even identify the witness whose testimony is quoted. Rule 30 plainly requires a single joint appendix, *not* separate appendices filed by each party. Nevertheless, in preparing for the oral arguments in this case, it was necessary for the judges to refer to three separate documents. The single joint appendix required by Rule 30 was intended to eliminate the jigsaw puzzle problem caused by multiple appendices.

This court explained the usefulness of an appendix long before the promulgation of Rule 30. In *Columbus Wood Preserving Co. v. United States*, 209 F.2d 153, 154 (6th Cir. 1953), we stated that one of the principal purposes of an appendix is to reproduce "those parts of the record material to the questions presented and which it is essential for the judges of the court to read in order to decide these questions." The Advisory Committee notes to the Federal Rules of Appellate Procedure likewise state that:

The essential characteristics of the appendix method are: (1) the entire record may not be reproduced; (2) instead, the parties are to set out in an appendix to the briefs those parts of the record which in their judgment the judges must consult in order to determine the issues presented by the appeal; (3) the appendix is not the record but merely a selection therefrom for the convenience of the judges of the court of appeals; the record is the actual trial court record, and the record itself is always available to supply inadvertent omissions from the appendix.

■ The Federal Rules of Appellate Procedure were adopted December 4, 1967 and became effective July 1, 1968. Ten years later, it is inexcusable for an Assistant United States Attorney [2] (and for too many other attorneys filing appeals in this court) to fail to comply with these rules. For the benefit of future litigants in this court and particularly for the benefit of Government attorneys who appear most frequently before this court, we reiterate the requirements of Rule 30 and the Rules of the Sixth Circuit.

The Advisory Committee notes plainly state that the "[R]esponsibility for the preparation of the appendix is placed upon appellant."

Sixth Circuit Rule 10(c) establishes the following requirements for an appendix:

(c) The date of filing or of entering each pleading, judgment, decree, order, decision or other document shall be set out at the beginning of that document. Each such document contained in the appendix shall conform to the original thereof as to dates and names in signatures.

2. Although it does not absolve the United States of responsibility for failure to comply with Rule 30 and with the previous order of this court in this case, we note that the attorney who failed to comply with Rule 30 in the present case is no longer employed by the Government.

The Sixth Circuit Practitioners' Handbook [3] contains the following explanation of the requirements for an appendix:

The appendix is in effect the vitals of the record. It is those *parts of the record which the parties desire each judge to have before him as he studies the briefs.* While the entire original record or designated portions thereof will most likely have been transmitted to the clerk of the Court of Appeals, it would be cumbersome for all the judges to refer to that record. On the other hand, to require the entire record to be reproduced for each of the judges would be burdensome to the parties and would present each judge with more than may be necessary to a just disposition of the case, especially since many points raised in the trial may not be pertinent to the issues raised on appeal. The appendix enables the parties to reduce the record to manageable size.

The appellant has the duty to prepare and file the appendix, but the parties are encouraged to agree on the contents. The parties and the Court may rely on any material in the record, even if it is not included in the appendix, although excessive reference to the original record should not be necessary.

In each case the appendix must contain the relevant docket entries in the proceedings below; relevant portions of the pleadings, charge, findings, or opinion; the judgment, order, or decision in question; and any other parts of the record (usually the transcript and exhibits) to which the parties wish to direct the Court's attention. The appendix is required to have the date of filing or of entry of each pleading, judgment, decree, order, decision, or other document set out at the beginning; and each document contained in the appendix must conform to the original as to content, dates, and signatures. Inclusions in the appendix are arranged chronologically but the exhibits may be separately bound.

1. *Usual method to prepare the appendix.* If the parties do not agree on the contents of the appendix, the appellant must serve on the appellee a designation of the parts of the record he intends to include in the appendix, and a statement of the issues he intends to present for review. This designation and statement must be served not later than 10 days after the record is filed. The appellee has 10 days after receiving the designation to cross-designate anything he thinks is necessary and should be included which the appellant has omitted, and the appellant must include it in the appendix but he may require appellee to advance the necessary cost. The appellant must file the appendix with his brief unless the Court allows it to be deferred.

\* \* \* \* \* \*

The date of filing or of entering each pleading, judgment, decree, order, decision or other document shall be set out at the beginning of that document. Each such document contained in the appendix shall conform to the original thereof as to dates and names in signatures.

In post conviction cases filed in forma pauperis, when the appellant fails to file an appendix or files an inadequate appendix, it is the responsibility of the state attorney general or the United States Attorney, as the case may be, to file an adequate appendix, which shall include

**3.** In 1971, the Cincinnati Chapter of the Federal Bar Association prepared and printed the Sixth Circuit Practitioners' Handbook for the assistance of attorneys practicing in this court.

Widespread distribution of the Sixth Circuit Practitioners' Handbook has been made. Complimentary copies have been furnished to all United States Attorneys in the Circuit, to offices of other Government agencies practicing in this court and to law libraries and Bar Associations throughout the Circuit. Complimentary copies were distributed to all attorneys attending the Circuit Conference in 1971. Complimentary copies have been furnished to every attorney newly admitted to practice before this court since 1971. Copies are available for sale in the Clerk's Office for $1.00 each. A total of 13,713 copies have been distributed as of June 1, 1978, including 6,116 complimentary copies and 7,597 copies by sale. Proceeds of sales have been sufficient to pay the cost of reprints.

copies of the opinion and order from which the appeal is taken. In habeas corpus appeals it is the obligation of the state attorney general to file with his brief copies of all unpublished decisions of state courts involving previous hearings relating to the petitioner and a copy of the transcript of the trial of petitioner in state court, if utilized by the District Court and available. (Footnotes omitted).

■ Compliance with Rule 30 and with the rules of this circuit is mandatory. There are only two exceptions in this circuit to the requirement for an appendix. Neither exception is applicable in this case.[4] In published opinions, this court has dismissed appeals for failure to comply with Rule 30. *United States v. Green*, 547 F.2d 333 (6th Cir. 1976); *Alnajjar v. Ford Motor Co.*, 523 F.2d 6 (6th Cir. 1975). The same practice has been followed in other circuits. *See, e. g., United States v. Seaboard Coastline Railroad*, 517 F.2d 881 (4th Cir. 1975); *FMC Corporation, Inc. v. Knowles Electric, Inc.*, 438 F.2d 1220 (4th Cir. 1971). *See also Walters v. Shari Music Publishing Corporation*, 298 F.2d 206 (2d Cir. 1962); *Morrison v. Texas Company*, 289 F.2d 382 (7th Cir. 1961). This court also has emphasized that an appendix must be legible. In *United States v. Green, supra*, we dismissed the Government's appeal in a criminal prosecution for failure to file a legible and complete appendix as required by Rule 30.

The motion of appellees to dismiss the appeal is granted. The appeal is dismissed.

## APPENDIX

Rule 30. Appendix to the Briefs

(a) Duty of appellant to prepare and file; content of appendix; time for filing; number of copies. The appellant shall prepare and file an appendix to the briefs which shall contain: (1) the relevant docket entries in the proceeding below; (2) any relevant portions of the pleadings, charge, findings or opinion; (3) the judgment, order or decision in question; and (4) any other parts of the record to which the parties wish to direct the particular attention of the court. The fact that parts of the record are not included in the appendix shall not prevent the parties or the court from relying on such parts.

Unless filing is to be deferred pursuant to the provisions of subdivision (c) of this rule, the appellant shall serve and file the appendix with his brief. Ten copies of the appendix shall be filed with the clerk, and one copy shall be served on counsel for each party separately represented, unless the court shall by rule or order direct the filing or service of a lesser number.

(b) Determination of Contents of Appendix; Cost of Producing. The parties are encouraged to agree as to the contents of the appendix. In the absence of agreement, the appellant shall, not later than 10 days after the date on which the record is filed, serve on the appellee a designation of the parts of the record which he intends to include in the appendix and a statement of the issues which he intends to present for review. If the appellee deems it necessary to direct the particular attention of the court to parts of the record not designated by the appellant, he shall, within ten days after receipt of the designation, serve upon the appellant a designation of those parts. The appellant shall include in the appendix the parts thus designated. In designating parts of the record for inclusion in the appendix, the parties shall have regard for the fact that the entire record is always available to the court for reference and examination and shall not engage in unnecessary designation.

Unless the parties otherwise agree, the cost of producing the appendix shall initially be paid by the appellant, but if the appellant considers that parts of the record designated by the appellee for inclusion are unnecessary for the determination of the

---

**4.** Sixth Circuit Rule 10(a) provides that copies of the record may be filed in lieu of an appendix in cases where the record on appeal, the trial transcript and all exhibits are one hundred pages or less. Rule 10(b) provides an alternative method of submitting an appendix in Social Security cases.

issues presented he may so advise the appellee and the appellee shall advance the cost of including such parts. The cost of producing the appendix shall be taxed as costs in the case, but if either party shall cause matters to be included in the appendix unnecessarily the court may impose the cost of producing such parts on the party.

(c) Alternative method of designating contents of the appendix; how references to the record may be made in the briefs when alternative method is used. If the court shall so provide by rule for classes of cases or by order in specific cases, preparation of the appendix may be deferred until after the briefs have been filed, and the appendix may be filed 21 days after service of the brief of the appellee. If the preparation and filing of the appendix is thus deferred, the provisions of subdivision (b) of this Rule 30 shall apply, except that the designations referred to therein shall be made by each party at the time his brief is served, and a statement of the issues presented shall be unnecessary.

If the deferred appendix authorized by this subdivision is employed, references in the briefs to the record may be to the pages of the parts of the record involved, in which event the original paging of each part of the record shall be indicated in the appendix by placing in brackets the number of each page at the place in the appendix where that page begins. Or if a party desires to refer in his brief directly to pages of the appendix, he may serve and file typewritten or page proof copies of his brief within the time required by Rule 31(a), with appropriate references to the pages of the parts of the record involved. In that event, within 14 days after the appendix is filed he shall serve and file copies of the brief in the form prescribed by Rule 32(a) containing references to the pages of the appendix in place of or in addition to the initial references to the pages of the parts of the record involved. No other changes may be made in the brief as initially served and filed, except that typographical errors may be corrected.

(d) Arrangement of the Appendix. At the beginning of the appendix there shall be inserted a list of the parts of the record which it contains, in the order in which the parts are set out therein, with references to the pages of the appendix at which each part begins. The relevant docket entries shall be set out following the list of contents. Thereafter, other parts of the record shall be set out in chronological order. When matter contained in the reporter's transcript of proceedings is set out in the appendix, the page of the transcript at which such matter may be found shall be indicated in brackets immediately before the matter which is set out. Omissions in the text of papers or of the transcript must be indicated by asterisks. Immaterial formal matters (captions, subscriptions, acknowledgments, etc.) shall be omitted. A question and its answer may be contained in a single paragraph.

(e) Reproduction of Exhibits. Exhibits designated for inclusion in the appendix may be contained in a separate volume, or volumes, suitably indexed. Four copies thereof shall be filed with the appendix and one copy shall be served on counsel for each party separately represented. The transcript of a proceeding before an administrative agency, board, commission or officer used in an action in the district court shall be regarded as an exhibit for the purpose of this subdivision.