966 F.2d 1452
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LIBERTY STATE BANK & TRUST, Plaintiff-Appellee
Plaintiff-Appellant (91-2122),
v.
METRO PASSBOOK, INC.; David A. Kersh, Defendants-Appellants
(89-2030) Defendants-Appellees, and
Danica Kersh; Alan Gildenberg, Defendants.
 Nos. 89-2030, 91-2122.
 United States Court of Appeals, Sixth Circuit.
 June 8, 1992.
 
 Before RYAN, BOGGS and BATCHELDER, Circuit Judges.
 PER CURIAM:
 
 
 1
 These two consolidated appeals arise from litigation first initiated by Liberty State Bank & Trust (Liberty) in 1983 when it filed suit in Michigan state court to collect on a defaulted $100,000 loan that it had made to Metro Passbook, Inc. (Metro), and which had been guaranteed by David Kersh. The action was subsequently removed to federal court pursuant to 28 U.S.C. § 1441 on the basis of diversity of citizenship jurisdiction.
 
 
 2
 What followed is a confusing morass of protracted litigation involving multiple hearings and trials, many motions for judgment and relief from judgment, motions for recusal and even reassignment and transfer of the case to five different United States District Court Judges for the Eastern District of Michigan over the next seven years. Litigation proceeded at a painstaking pace requiring the district court to sort through accusations of bad faith, and lawyering, unsubstantiated conspiracies, and unethical behavior. Over three hundred docket entries have been made in the case. A stipulated judgment was entered for the plaintiff and against Metro on September 12, 1983, and partial final judgments were entered for plaintiff and against Kersh on June 15, 1984, September 7, 1984, and November 14, 1984.
 
 
 3
 On October 14, 1987, this court reversed the district court's final judgment and remanded the case for a determination of whether there was sufficient diversity of citizenship among the parties to grant jurisdiction to the district court. After conducting its second hearing on the subject of its jurisdiction, and upon receiving and reviewing testimony and documentary evidence from the parties, the district court found that at all relevant times it did indeed have diversity of citizenship jurisdiction, as Metro and Kersh were citizens of Texas, Liberty was a citizen of Michigan, and the other two defendants, Danica Kersh and Alan Gildenberg, who were initially named as party-defendants, were citizens of Hawaii and Illinois, respectively.
 
 
 4
 Metro and Kersh now appeal in Case No. 89-2030 from the district court's judgment finding diversity of citizenship jurisdiction. Liberty appeals in Case No. 91-2122 from a district court order granting Kersh's motion to supplement the record and brief on appeal.
 
 
 5
 Upon review, we conclude that the appeal brought by Metro and Kersh must be dismissed because they have failed to file an adequate appendix in substantial compliance with Sixth Circuit Rule 11. This decision renders Liberty's appeal moot, thus necessitating dismissal of its appeal for lack of jurisdiction.
 
 
 6
 Pursuant to Sixth Circuit Rule 11(f)(1)(a)-(d), a joint appendix must contain the docket sheet of the district court, the complaint and other pleadings and motions relevant to the arguments presented on appeal, the judgment from which the appeal is taken and any memorandum opinion and findings of fact and conclusions of law incident thereto, and the notice of appeal. Pursuant to Sixth Circuit Rule 11(i), these documents must follow the index in the order set forth in Sixth Circuit Rule 11(f). In this instance, none of these documents follow the index to the appendix filed by Kersh. Indeed, it is difficult to determine if any of the documents even appear in the appendix.
 
 
 7
 This is so because the index to the two volume appendix is practically indecipherable. Pursuant to Sixth Circuit Rule 11(h), the appendix "shall" have an index that describes each document contained therein, that sets forth for each such document the corresponding record entry number from the docket sheet of the court, where available, and that shows the page within the appendix where such document first appears. The index supplied by Kersh is totally wanting in each of these respects. It does not describe each document other than by a terse, non-descriptive label; it gives no corresponding record entry for any of the documents; and it does not show any page references whatsoever where the documents may be found within the appendix, much less in which volume they may be found. In lieu of complying with these simple requirements, Kersh refers to each document as an "exhibit" and gives each exhibit a bizarre designation such as "3A18B."
 
 
 8
 Furthermore, since the appendix contains portions of a transcript, the appendix should also have had a second, separate index, pursuant to Sixth Circuit Rule 11(h), setting forth a list of transcript pages cross-indexed to pages of the appendix where the particular transcript pages appear, and an alphabetical list of witnesses, giving the pages of the appendix where their particular testimony begins. There is no such second index found in either volume of the appendix, both of which contain transcript pages.
 
 
 9
 In light of the grossly inadequate appendix filed by David Kersh, and because it was crucial for the court to have a properly prepared appendix in this case to enable it to render a fully informed review of this very protracted litigation, we conclude that dismissal of the appeal brought by Kersh and Metro is an appropriate sanction fully warranted under the circumstances of this case. Dismissal is expressly authorized under Sixth Circuit Rule 11(l) whenever an appendix is "substantially out of compliance with the requirements of this local rule." Compliance with this rule and Fed.R.Civ.P. 30 upon which our Rule 11 is based is mandatory. United States v. Kush, 579 F.2d 394, 397 (6th Cir.1978). Failure to comply with these rules warrants dismissal of the appeal. See id.; United States v. Green, 547 F.2d 333, 334 (6th Cir.1976) (per curiam).
 
 
 10
 Although the court often indulges the procedural failings of pro se appellants, it is simply not too much to ask all litigants to comply with its own rules, especially those rules that shape and focus the court's attention on the issues presented and that help conserve its limited resources so it can spend more time on the merits of the case and not on deciphering the state of the record. Cf. Wells v. Brown, 891 F.2d 591, 594 (6th Cir.1989) (collecting cases where courts have required pro se litigants to adhere to basic pleading requirements); Brock v. Hendershott, 840 F.2d 339, 342-43 (6th Cir.1988) (out of a sense of fairness for other parties who choose counsel and must bear the risk of their attorney's mistakes, court adopts rule that no special treatment was to be afforded ordinary civil litigants who proceed pro se).
 
 
 11
 Our decision to dismiss the appeal brought by Kersh and Metro renders moot the appeal brought by Liberty, challenging the district court's order granting Kersh's motion to supplement the record and brief on appeal. Under these circumstances, Liberty's appeal simply does not present a case or controversy for us to consider. See WJW-TV, Inc. v. City of Cleveland, 878 F.2d 906, 909-11 (6th Cir.) (per curiam), cert. denied, 493 U.S. 819 (1989). Although we dismiss this case for lack of jurisdiction on account of it being moot, it is not necessary in this case to vacate the district court's judgment because the case was rendered moot due to circumstances that are attributable to a party. See Karcher v. May, 484 U.S. 72, 83 (1987).
 
 
 12
 Accordingly, we hereby deny all pending motions and dismiss the appeal docketed under Case No. 89-2030 due to the appellants' failure to file an appendix in substantial conformity with Sixth Circuit Rule 11. We also hereby dismiss the appeal docketed under Case No. 91-2122 for lack of jurisdiction on account of mootness pursuant to Sixth Circuit Rule 8(a).