

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-1-2005

# USA v. Ntreh

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2993

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Ntreh" (2005). *2005 Decisions.* Paper 764.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/764

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 04-2993

UNITED STATES OF AMERICA

v.

ABRAHAM NEE NTREH,

Appellant

---

Appeal from the District Court of the Virgin Islands
District Court No.: 02-CR-00007
District Judge: The Honorable Raymond L. Finch, Chief Judge

---

Argued April 19, 2005

Before: NYGAARD[1], RENDELL, and SMITH, *Circuit Judges*

(Filed: August 1, 2005)

Bruce Z. Marshack [Argued]
Office of United States Attorney
1108 King Street, Suite 201
Christiansted, St. Croix
United States Virgin Islands, 00820
    *Counsel for Appellee*

Jomo Meade [Argued]
112 Queen Cross Street
Frederiksted, St. Croix
United States Virgin Islands, 00840
    *Counsel for Appellant*

---

[1]Judge Nygaard took senior status on July 9, 2005

SMITH, *Circuit Judge*.

Abraham Ntreh, a Ghanian national, challenges his conviction for unlawful reentry into the United States in violation of 8 U.S.C. § 1326(a), and for making a material false statement to a United States official in violation of 18 U.S.C. § 1001. After a mistrial was declared at Ntreh's first trial, he was convicted by a jury on both counts at his second trial. Ntreh contends that the District Court should have granted the motions he made at each of his trials for judgment of acquittal under Federal Rule of Criminal Procedure 29. We disagree. For the reasons set forth below, we will affirm Ntreh's conviction on both the unlawful reentry and the making of a material false statement to a United States official. We will vacate Ntreh's sentence in light of the Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005), and our decision in *United States v. Davis*, 407 F.3d 162 (3d Cir. 2005) (en banc), and remand for resentencing.[2]

---

[2]The District Court of the Virgin Islands had jurisdiction pursuant to 48 U.S.C. § 1612. Appellate jurisdiction exists pursuant to 28 U.S.C. § 1291. We have plenary review of a district court's ruling on a motion for judgment of acquittal. *United States v. Smith*, 294 F.3d 473, 477 (3d Cir. 2002); *United States v. Phillips*, 874 F.2d 123, 125 (3d Cir. 1989). We "must view the evidence in the light most favorable to the verdict, and must presume that the jury has properly carried out its functions of evaluating the credibility of witnesses, finding the facts, and drawing justifiable inferences." *United States v. Coleman*, 811 F.2d 804, 807 (3d Cir. 1987) (internal quotation marks and citation omitted). Accordingly, a verdict will be set aside under Rule 29 "only if no reasonable juror could accept the evidence as sufficient to support the conclusion of the defendant's

I.

On February 12, 2002, a two-count indictment was returned by a grand jury

charging Ntreh with illegal reentry into the United States in violation of 8 U.S.C. §

1326(a), and making a false statement in a matter within the jurisdiction of the United

States Immigration and Naturalization Service ("INS") in violation of 18 U.S.C. § 1001.

These charges were based on Ntreh's appearance at an INS office in St. Croix, Virgin

Islands, in an effort to resolve a problem with his visa.  Inquiry by the INS agent into

several INS databases revealed that Ntreh had been deported on three previous occasions.

In light of these facts, the INS agent asked to inspect Ntreh's unexpired passport to

determine if he had been granted leave to enter the United States.  Ntreh claimed that his

brother in Texas had his passport.  When Ntreh was unable to produce his current

passport, he was taken into custody.  A subsequent inventory search of his suitcase,

however, produced Ntreh's unexpired passport.

A jury trial commenced on July 22, 2003.  Ntreh made a Rule 29 motion at the

conclusion of the Government's case-in-chief, and renewed his motion "specially as it

relates to the deportation order for the deportation prong of the § 1326."  The Court took

the motion under advisement.[3]  When the jury returned a verdict which purported to find

guilt beyond a reasonable doubt." *Id.*

[3]The defendant indicates in his brief at pages 8-9 that he moved for judgment of
acquittal at the close of the government's case and that the motion was denied.  The
record before us does not contain the relevant portion of the transcript, but the
Government does not claim such a motion was not made.  The record does, however,

Ntreh guilty of both counts, but which did so by an 11-1 vote, the District Court declared a mistrial.

Ntreh's second trial commenced on October 14, 2003. After the jury was empaneled, Ntreh made an argument based on the transcripts from the first trial that the government had failed to meet its burden on the requirement of a deportation order. The District Court explained that the motion was premature. He instructed Ntreh: "It has to be made at the close of all of the evidence. Not at the beginning of the case." The District Court further advised Ntreh that "I have right now no evidence before me. There is nothing for me to rule on." The trial proceeded and the jury subsequently returned a unanimous verdict finding Ntreh guilty on both counts.

A timely Rule 29 motion for judgment of acquittal followed. The District Court denied the motion, explaining that

> At the second trial for this matter, the Government provided evidence including Defendant's passport, a deportation order entered against Defendant, testimony that Defendant was denied reentry to the United States on three occasions, testimony of Defendant's subsequent presence in the United States, and testimony alleging that Defendant told an INS officer that Defendant had mailed his passport to his brother when Defendant in fact had the passport with him in his suitcase.

Thereafter, Ntreh was sentenced to fourteen months' incarceration with credit for time served.

Ntreh filed a timely appeal. He argues that the District Court erred when it failed

contain both the renewal of the Rule 29 motion after the appellant rested, and the District Court's decision to take the motion under advisement.

4

to rule on his Rule 29 motion in the first trial, and when it denied his Rule 29 motion at

his second trial.[4]  In other words, Ntreh challenges both the fact that he was subjected to a

second trial and the sufficiency of the evidence at the second trial.

## II.

Because Ntreh has objected to being tried a second time, we consider the

applicability of the Double Jeopardy Clause.  It is well settled that a second trial may be

conducted when a mistrial is necessitated by a jury's inability to agree upon a verdict.

*United States v. Perez*, 22 U.S. 579 (1824).  A retrial is not barred, the Supreme Court

explained, because the "prisoner has not been convicted or acquitted, and may again be

---

[4]In addition to Ntreh's contention that his Rule 29 motions should have been granted, Ntreh presses several other unavailing arguments.  First, Ntreh asserts that the District Court erred during the second trial by taking judicial notice of the decisions of an immigration judge ("IJ"), the Board of Immigration Appeals ("BIA"), and the Court of Appeals for the Fifth Circuit.  This argument is without merit.  While the term "judicial notice" appeared at one point in the transcript of the second trial, no error occurred because the decisions of the IJ, the BIA and the Fifth Circuit, identified respectively as exhibits 33 through 36, were "admitted" into evidence.  Although Ntreh contends that the exhibits were not authenticated as required by Federal Rule of Evidence 901, no objection on this ground was stated at trial.  The admission of these documents hardly constitutes plain error under Fed. R. Crim. P. 52(b).

In a pro se memorandum to the panel, Ntreh argues that his counsel was ineffective and he seeks the appointment of new counsel or the right to proceed pro se. We need not address this argument.  Our preference is to "defer the issue of ineffectiveness of trial counsel to a collateral attack."  *United States v. Thornton*, 327 F.3d 267, 271-72 (3d Cir. 2003) (discussing in *Massaro v. United States*, 538 U.S. 500 (2003)).

Finally, Ntreh argues that the District Court erred when it enhanced his base offense level under United States Sentencing Guideline § 2L1.2 based on the fact that he previously committed a felony offense.  We need not consider this issue in the first instance inasmuch as we have determined that we will vacate his sentence and remand for resentencing in accordance with *Booker*, 125 S.Ct. at 738.

put upon his defence." *Id.* at 580.

In *Richardson v. United States*, 468 U.S. 317 (1984), the defendant argued that the Double Jeopardy Clause barred his retrial after a jury deadlocked following his first trial because the government had failed in the first trial to offer sufficient evidence to prove his guilt beyond a reasonable doubt. The Supreme Court disagreed. It instructed that "the protection of the Double Jeopardy Clause by its terms applies only if there has been some event, such as an acquittal, which terminates the original jeopardy." 468 U.S. at 325. The "failure of the jury to reach a verdict is not an event which terminates jeopardy," the Court declared. *Id.* at 325. Accordingly, the *Richardson* Court concluded that, "[r]egardless of the sufficiency of the evidence" at the first trial, the defendant "has no valid double jeopardy claim to prevent his retrial." *Id.* at 326.

In *United States v. Coleman*, 862 F.2d 455 (3d Cir. 1989), this Court considered defendant's argument that his prosecution was barred by the Double Jeopardy Clause and his challenge to the sufficiency of the evidence adduced during both his mistrial and his retrial. We applied *Perez* and concluded that "the granting of a new trial following the hung jury did not violate the protections of the double jeopardy clause." 862 F.2d at 460 (citing *Perez*, 22 U.S. at 580). Following *Richardson*, we refused to consider the sufficiency of the evidence at the first trial and declared that "our task is limited to considering the sufficiency of the evidence at the second trial." *Coleman*, 862 F.2d at 460 (citing *Richardson*, 468 U.S. at 326); *see also United States v. Julien*, 318 F.3d 316, 321

6

(1st Cir. 2003) (declaring that a "defendant may not, on appeal from a judgment of guilt in a second trial following a mistrial, then raise a claim that he was wrongly denied his motion for acquittal on insufficiency of the evidence at the first trial").

Accordingly, we conclude that Ntreh's second trial did not violate the Double Jeopardy Clause and that the District Court did not err by failing to address the sufficiency of the evidence at Ntreh's first trial.[5]  Consistent with *Richardson* and *Coleman*, we limit our review to determining whether there was sufficient evidence to sustain Ntreh's conviction on both counts at his second trial.[6]

---

[5]We are by no means suggesting that a District Court is barred from ruling on a Rule 29 motion challenging the sufficiency of the evidence adduced during a mistrial caused by a jury's inability to reach a verdict.  Paragraphs (b) and (c) of Rule 29 expressly allow a District Court to rule on a motion for judgment of acquittal after a jury fails to return a verdict and is discharged.  Fed. R. Crim. P. 29(b) and (c)(2).   In fact, in *United States v. Martin Linen Supply Company*, 430 U.S. 564 (1977), the Supreme Court held that a District Court's grant of a motion for judgment of acquittal after a jury was deadlocked and discharged, and before retrial, terminated the jeopardy that attached with the empanelment of the jury.  Such an event, the Court declared, precluded a second trial.  *Id.* at 575.

[6]We recognize Ntreh's contention that there was insufficient evidence to support a conviction for unlawful reentry because INS Agent Jahrman's testimony at the first trial regarding the existence of a prior deportation order "was confusing and susceptible to two interpretations."  Ntreh's acknowledgment that Agent Jahrman's testimony was susceptible to two interpretations establishes that this evidence, viewed in the light most favorable to the prosecution, was sufficient to prove the existence of a prior deportation order and to sustain a conviction for unlawful reentry.  *See Burks v. United States*, 437 U.S. 1, 16 (1978) (instructing that a trial court conducting a sufficiency review "is not to weigh the evidence or assess the credibility of witnesses"); *Coleman*, 811 F.2d  at 807 (declaring that a court reviewing the denial of a motion for acquittal "must presume that the jury has properly carried out its functions of evaluating credibility of witnesses, finding the facts and drawing justifiable inference").  Thus, even if we were to reach the merits of Ntreh's Rule 29 argument, his contention that there was insufficient evidence to

7

III.

We agree with the District Judge that there was sufficient evidence adduced at the second trial to sustain Ntreh's conviction under 18 U.S.C. § 1326(a) for unlawful reentry. Section 1326(a) of the Crimes Code makes it unlawful for an alien, who has been deported or removed, to reenter the United States without the permission of the Attorney General. 18 U.S.C. § 1326(a). Thus, the prosecution must establish beyond a reasonable doubt that: (1) the defendant is an alien; (2) the defendant was deported or removed in accordance with a valid deportation order; and (3) the defendant has unlawfully reentered the United States. *United States v. Torres,* 383 F.3d 92, 95 (3d Cir. 2004) (observing that a "removal order was an element of [the] offense of illegal reentry"); *United States v. Dixon*, 327 F.3d 257, 259 (3d Cir. 2003) (noting that violation of § 1326 "only requires an illegal return and a subsequent discovery"); *United States v. DeLeon-Rodriguez*, 70 F.3d 764, 766 (3d Cir. 1995) (observing that § 1326(a) "sets out the elements of the offense" as "arrest, deportation, and re-entry"); *United States v. Bowles*, 331 F.2d 742, 747 (3d Cir. 1964) (explaining that the government must establish that the alien was "deported according to law," *i.e.*, that the deportation order was valid).

Here, Ntreh's unexpired passport from the Republic of Ghana established his alienage. The existence of a valid deportation order was satisfied by both testimonial and documentary evidence from Agent Jahrman concerning the deportation orders issued by

sustain a conviction on unlawful reentry at his first trial would fail as a matter of law.

8

an IJ on three separate occasions in October 1997, July 1998 and March 1999. Ntreh's unlawful presence in the United States was established by Agent Jahrman's testimony that Ntreh appeared at an office of the INS in St. Croix, a territory of the United States, and that Ntreh had not been granted permission to enter the United States. This evidence was sufficient to sustain Ntreh's conviction for unlawful reentry under § 1326(a).

There is also sufficient evidence to sustain Ntreh's conviction under § 1001 for making a material false statement to the INS agent. Ntreh's statement that his unexpired passport was in his brother's possession was false, and it had the ability to delay any attempt to verify Ntreh's immigration status. Thus, the statement had "'a natural tendency to influence, or [be] capable of influencing, the decision of the decisionmaking body to which it was addressed,'" *United States v. Gaudin*, 515 U.S. 506, 509 (1995) (quoting *Kungys v. United States*, 485 U.S. 759, 770 (1988)), and, viewed in the light most favorable to the government, was material.

Accordingly, we find no error by the District Court in denying Ntreh's Rule 29 motion for judgment of acquittal at the conclusion of his second trial.

IV.

In sum, the District Court did not err when it failed to rule on the merits of Ntreh's motion for judgment of acquittal at his first trial, and his second trial was not barred by the Double Jeopardy Clause. The evidence adduced at the second trial was more than sufficient to sustain Ntreh's conviction for unlawful reentry under § 1326 and for making

9

a false statement to a government official in violation of § 1001. We will affirm Ntreh's conviction, vacate his sentence and remand this matter for resentencing in accordance with *United States v. Booker*, 125 S.Ct. 738 (2005).