**GLD-028**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2795
_____

In re:  ABRAHAM NEE NTREH,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of the Virgin Islands
(Related to D.V.I. Crim. No. 02-cr-00007)
District Judge:  Honorable Raymond L. Finch

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 4, 2010

Before:  AMBRO, CHAGARES and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 22, 2010)
_____

OPINION
_____

PER CURIAM

Abraham Ntreh, proceeding <u>pro</u> <u>se</u>, petitions for a writ of mandamus directing the

United States District Court for the District of the Virgin Islands to resentence him in

accordance with the decision we issued in his direct appeal.  For the reasons that follow,

we will deny the petition.

In 2003, Ntreh, a Ghanian national, was convicted after a jury trial of unlawful

reentry of a deported alien into the United States and of making false statements to a

United States official. He received a sentence of 14 months in prison. Ntreh served his sentence and was removed to England on December 28, 2004. In August 2005, we affirmed Ntreh's conviction, vacated his sentence, and remanded the matter for resentencing in accordance with United States v. Booker, 543 U.S. 220 (2005). United States v. Ntreh, C.A. No. 04-2993, 142 Fed. Appx. 106 (3d Cir. 2005) (unpublished decision).

Following our decision on direct appeal, Ntreh filed a motion to dismiss his indictment, claiming, among other things, ineffective assistance of counsel. The District Court denied the motion and we dismissed Ntreh's appeal for lack of jurisdiction. Ntreh then moved for a new trial based on alleged newly discovered evidence. The District Court denied the motion for a new trial and we again dismissed Ntreh's appeal for lack of jurisdiction. In our order, we explained that the final judgment rule requires a conviction and imposition of sentence before appellate review. We also noted that, to the extent Ntreh's filings could be construed as requesting mandamus relief directing the District Court to resentence him, such a request was denied because Ntreh could seek such relief in District Court.

On January 28, 2009, Ntreh filed a motion in District Court to expedite his resentencing and a sentencing hearing was scheduled. The District Court granted the Government's request for a continuance because Ntreh had been removed and the Government needed more time to arrange for his parole into the United States with the proper authorities. The Government moved for a second continuance after Immigration

and Customs Enforcement ("ICE") officials notified the Government that it was not in the agency's best interest to parole Ntreh for resentencing because Ntreh had illegally entered the United States three times. Through counsel, Ntreh did not oppose the motion and the District Court granted another continuance.

On July 23, 2009, the day of the rescheduled hearing, Ntreh's counsel informed Ntreh by letter that the re-sentencing did not take place because he was not present and he had not waived his appearance. Counsel told Ntreh that the Government was not interested in bringing him to the United States for the hearing, but that he could appear by telephone or waive his appearance. Ntreh refused to waive his appearance at the hearing or appear by telephone. On September 24, 2009, counsel for both parties appeared for a rescheduled sentencing hearing and the District Court continued the matter without setting a new hearing date.

Ntreh then filed in District Court a motion to compel compliance with our order on direct appeal remanding his case for resentencing. Ntreh asserted that he needed to be resentenced in order to pursue his appeals and that the failure to resentence him violated his due process rights. The Government opposed Ntreh's motion, arguing that Congress delegated the power to admit aliens to the United States Department of Homeland Security and ICE, which had refused the Government's request to return Ntreh for resentencing.

The District Court agreed with the Government and concluded that it could not supersede the authority of the Department of Homeland Security and its agents by

3

ordering ICE to allow Ntreh to enter the United States for resentencing. The District Court also stated that Ntreh had not asked the court to review ICE's decision nor had he set forth any basis for finding that ICE acted improperly in denying parole. Ntreh then filed the present petition for a writ of mandamus asking us to direct the District Court to resentence him and to require the Government to "employ the procedures necessary to make that possible." Petition at 11. Alternatively, Ntreh asserts that we should direct the District Court to dismiss his indictment.

The writ of mandamus has traditionally been used to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so. In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000) (citations omitted). "The writ is a drastic remedy that is seldom issued and its use is discouraged." Id. (internal quotation and citation omitted). A petitioner must show that he has no other means to attain the desired relief and that the right to a writ is clear and indisputable. Id. at 141.

Ntreh has not shown that his right to a writ is clear and indisputable. Although we agree with Ntreh that he has the right to be present at his resentencing hearing, see Fed. R. Crim. P. 43(a); United States v. Faulks, 201 F.3d 208, 210 (3d Cir. 2000), he has not shown that the District Court has the authority to compel the Government to return him to the United States for resentencing where ICE has refused to allow him into the country. Cf. United States v. Igbonwa, 120 F.3d 437, 443 (3d Cir. 1997) (holding U.S. Attorneys do not have authority to make promises regarding deportation matters in plea agreements

4

and reversing a district court order directing the United States to take steps to prevent the defendant's deportation). It is also doubtful that the District Court had jurisdiction to review ICE's discretionary denial of parole. See Samirah v. O'Connell, 335 F.3d 545, 549 (7th Cir. 2003) (applying 8 U.S.C. § 1252(a)(2)(B)(ii)). In addition, even if the District Court had the power to compel ICE to grant parole, absent a clear abuse of discretion by ICE, Ntreh does not satisfy the standard for mandamus relief. See Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980) ("where a matter is committed to discretion, it cannot be said that a litigant's right to a result is 'clear and indisputable.'").

We further conclude that Ntreh has not shown that mandamus relief is warranted because his inability to appeal the denial of his motion for a new trial and motion to dismiss his indictment violates his due process rights. Although Ntreh's inability to pursue these appeals implicates his right to due process, Ntreh has not established the requisite prejudice to establish a due process violation. See Burkett v. Cunningham, 826 F.2d 1208, 1222 (3d Cir. 1987) (setting forth relevant factors).[1] Furthermore, this is not a case where Ntreh has been unable to challenge his conviction on appeal. Rather, Ntreh has only been unable to pursue an appeal of his motion for a new trial and motion to dismiss his indictment, filed after we affirmed his conviction and remanded his case for resentencing.

---

[1] These factors include: (1) the prevention of oppressive incarceration pending appeal; (2) the minimization of anxiety and concern of those convicted awaiting the outcome of their appeals; and (3) limitation of the possibility that a convicted person's grounds for appeal, and his or her defenses in cases of reversal and retrial, might

5

We recognize that it is unclear if and when Ntreh will be resentenced. However, we conclude that, absent a showing of a clear and indisputable right to relief, the extraordinary remedy of a writ of mandamus is not warranted. Accordingly, we will deny the petition for a writ of mandamus.

be impaired. Id.