**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1215
_____

UNITED STATES OF AMERICA

v.

ABRAHAM NEE NTREH,

                                        Appellant
_____

On Appeal from the District Court of the Virgin Islands
(D.C. Criminal No. 1-02-cr-00007-001)
District Judge: Hon. Raymond L. Finch
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 10, 2013

BEFORE: FISHER, COWEN AND NYGAARD, Circuit Judges

(Filed: February 11, 2014)

_____

OPINION
_____


COWEN, Circuit Judge.

    The appellant, Abraham Nee Ntreh, has been the subject of prosecution for illegal

reentry into the United States since early 2000. *See* Crim. Compl., *United States v. Ntreh*,

Crim. No. 00-45 (D.V.I. May 25, 2000), ECF No. 1.  (*See also* JA 43-45 (the indictment filed in D.V.I. Crim. No. 02-07, charging violations of 8 U.S.C. § 1326 (illegal reentry into the United States) and 18 U.S.C. § 1001 (false statements).)  Since then, he has been no stranger to this Court.[1]

Ntreh now appeals the order of the District Court of the Virgin Islands that denied his motion to dismiss the indictment ("the Motion"), which was filed pursuant to Federal Rule of Criminal Procedure ("Criminal Rule") 12(b)(3)(B).  We note with displeasure that Ntreh, despite the frequency with which he has appeared before this Court, has failed to include the relevant order in the appendix, in violation of Federal Rule of Appellate Procedure ("Appellate Rule") 30(a)(1)(C).  That failure appears to warrant dismissal of the appeal.  *Marcinak v. W. Indies Inv. Co.*, 299 F.2d 821, 823 (3d Cir. 1962); *see also Abner v. Scott Mem'l Hosp.*, 634 F.3d 962, 964-65 (7th Cir. 2011) (surveying sanctions for violations of Appellate Rule 30); *United States v. Kush*, 579 F.2d 394, 397 (6th Cir.

---

[1] *See United States v. Ntreh*, 279 F.3d 255 (3d Cir. 2002) (on Government appeal, reversing District Court order dismissing an information against Ntreh); *United States v. Ntreh*, 142 F. App'x 106 (3d Cir. 2005) [hereinafter "*Ntreh II* "] (affirming convictions for illegal reentry into the United States and making false statements to Immigration and Naturalization Service agents, but, pursuant to *United States v. Booker*, 543 U.S. 220 (2005), vacating sentence and remanding for resentencing); *see also In re Ntreh*, 401 F. App'x 686 (3d Cir. 2010) (denying petition for mandamus relief related to resentencing); *In re Ntreh*, 487 F. App'x 49 (3d Cir. 2012) (denying second petition for mandamus relief relating to resentencing).  Further, as evidenced in District Court docket entry numbers 203, 238, 254, and 297, this Court has dismissed four other appeals lodged by Ntreh either as untimely or for lack of jurisdiction.

1978).  Such a dismissal would fall within the exercise of this Court's sound discretion.

*See Horner Equip. Int'l, Inc. v. Seascape Pool Ctr., Inc.*, 884 F.2d 89, 93 (3d Cir. 1989).[2]

Nevertheless, we have considered the merits of the appeal and have concluded that the District Court properly denied the Motion.  Our conclusion rests on three grounds.

First, the District Court properly denied the Motion insofar as Ntreh sought relief under Criminal Rule 12(b)(3)(B).  That rule allows a defendant to attack an indictment on the grounds that it facially fails state a valid offense.  *See* FED. R. CRIM. P. 12(b)(3)(B); *United States v. Stock*, 728 F.3d 287, 290 & n.2 (3d Cir. 2013); *United States v. Huet*, 665 F.3d 588, 594-96 (3d Cir. 2012).  Here, the District Court correctly concluded that the indictment was facially sufficient.

Second, insofar as Ntreh might have filed the Motion to challenge the sufficiency of the evidence produced at trial, the District Court properly denied the Motion.  Criminal Rule 12(b)(3)(B) is "'not a permissible vehicle for addressing the sufficiency of the government's evidence.'"  *United States v. Gillette*, 738 F.3d 63, 74 (3d Cir. 2013) (emphasis omitted) (quoting *Huet*, 665 F.3d at 595).  Instead, a defendant may test the sufficiency of the evidence through a motion for acquittal pursuant to Criminal Rule 29. *See id.*

---

[2] Ntreh included the District Court's August 17, 2011 order, which denied his motion for reconsideration of order denying the Motion.  Because Ntreh has not put either the reconsideration motion or related order at issue on appeal (*see* Br. at 11 (framing the only issue on appeal as "the district court denial of his motion to dismiss the indictment"), we will not discuss them.

Here, Ntreh filed a motion for acquittal pursuant to Criminal Rule 29 that was denied by the District Court.  On appeal, we affirmed the denial of the Criminal Rule 29 motion and, for reasons not relevant here, remanded for resentencing.  *See Ntreh II*, 142 F. App'x at 110-11.  Following remand, Ntreh filed the Motion.  The District Court characterized the Motion as yet another challenge to the sufficiency of the evidence and, after considering the merits of Ntreh's arguments, correctly denied the Motion on those grounds.  *See* Order at 3, *United States v. Ntreh*, Crim. No. 02-07 (D.V.I. Feb. 27, 2011), ECF No. 282.

Finally, third, we note that the Government has characterized the Motion as a collateral attack on the immigration (i.e., deportation) proceedings that underlie Ntreh's conviction for illegal reentry.  We do not believe that Ntreh intended that either the District Court or this Court consider the Motion to be an attack those proceedings.  Nevertheless, if we construed the Motion as such, then we would nevertheless affirm the District Court's ruling upon it.  The immigration proceedings that underlie Ntreh's conviction were reviewed and affirmed by the United States Court of Appeals for the Fifth Circuit, *see generally Witter v. Immigr. & Naturalization Serv.*, 113 F.3d 549 (5th Cir. 1997), and we will not call its judgment into question.

For the forgoing reasons, we will affirm.