**DLD-079**                                                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4841
_____

IN RE:  ABRAHAM NEE NTREH,
                                                          Petitioner

_____

On a Petition for Writ of Mandamus from the
District Court for the District of the Virgin Islands
(Related to D.V.I. Crim. No. 1-02-cr-00007-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 8, 2015

Before:  FISHER, SHWARTZ and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Filed: January 12, 2015)
_____

OPINION[*]
_____

PER CURIAM

Abraham Nee Ntreh, proceeding <u>pro</u> <u>se</u>, petitions for a writ of mandamus

compelling the District Court for the District of the Virgin Islands to adjudicate his

petition for a writ of error coram nobis.  For the reasons that follow, we will deny

mandamus relief.

_____

[*]This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

After his first trial ended in a mistrial, Ntreh, a Ghanian national, was convicted in 2003 of unlawful reentry into the United States, and of making false statements to a United States official. Ntreh was sentenced to 14 months in prison and later removed from the United States. On direct appeal, we rejected Ntreh's arguments that the District Court erred by failing to rule on his motion under Federal Rule of Criminal Procedure 29 for a judgment of acquittal at his first trial, and by denying his Rule 29 motion at his second trial. We affirmed Ntreh's conviction, vacated his sentence in light of United States v. Booker, 543 U.S. 220 (2005), and remanded for resentencing. United States v. Ntreh, 142 F. App'x 106 (3d Cir. 2005) (non-precedential).

Ntreh then filed additional motions in District Court without success, including a motion to dismiss the indictment and a motion for a new trial. After Ntreh was resentenced, he appealed the order denying his motion to dismiss the indictment. We affirmed the District Court's order. United States v. Ntreh, 546 F. App'x 105 (3d Cir. 2014) (non-precedential).[1]

On May 27, 2014, Ntreh filed a petition for a writ of error coram nobis in District Court claiming ineffective assistance of counsel at his first trial. Ntreh asserted that if counsel had called his Rule 29 motion to the District Court's attention, the District Court

---

[1]Prior to this decision, we denied two mandamus petitions that Ntreh had filed related to his resentencing. See In re Ntreh, 487 F. App'x 49 (3d Cir. 2012) (non-precedential); In re Ntreh, 401 F. App'x 686 (3d Cir. 2010) (non-precedential).

would have granted it.  The Government opposed the petition on August 11, 2014, and Ntreh moved for a ruling on his petition on October 15, 2014.

On December 31, 2014, Ntreh filed the present mandamus petition asking us to compel the District Court to rule on his petition for a writ of error coram nobis.  The District Court docket reflects that on January 5, 2015, the District Court issued an order recusing District Judge Raymond Finch, who presided over Ntreh's criminal case, from further proceedings.  On the same day, the case was reassigned to another District Judge.

The writ of mandamus traditionally has been used "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so."  In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000) (internal quotations and citations omitted).  "The writ is a drastic remedy that is seldom issued and its use is discouraged."  Id.  A petitioner must show that he has no other adequate means to attain the desired relief and that the right to a writ is clear and indisputable.  Id. at 141.

Ntreh does not satisfy this standard.  Although mandamus relief is available in cases of undue delay, Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), superseded in part on other grounds by 3d Cir. LAR 24.1(c), the docket reflects that the District Court has recently taken action so that Ntreh's petition may be addressed.  Ntreh's mandamus petition will thus be denied without prejudice to his seeking mandamus relief in the event the newly-assigned District Judge does not adjudicate his petition in a reasonable time.