**CLD-114**                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2803
_____

UNITED STATES OF AMERICA

v.

ABRAHAM NEE NTREH,
                                    Appellant
_____

On Appeal from the District Court
of the Virgin Islands
(D.C. Crim. No. 1-02-cr-00007-001)
District Judge:  Honorable Wilma A. Lewis
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 22, 2016

Before: FISHER, JORDAN and VANASKIE, Circuit Judges


(Opinion filed: February 5, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

Abraham Ntreh appeals from an order of the District Court of the Virgin Islands, which denied his petition for a writ of error coram nobis. In his petition, he argues that his attorney was ineffective for failing to object when the trial judge failed to rule on his renewed motion for judgment of acquittal, pursuant to Rule 29 of the Federal Rules of Criminal Procedure, at the end of his first trial. Because no substantial question is presented by the appeal, we will summarily affirm the District Court's judgment. See Third Circuit LAR 27.4 and I.O.P. 10.6.

I.

Ntreh was charged with unlawful reentry into the United States in violation of 8 U.S.C. § 1326(a), and for making a false statement to a United States official in violation of 18 U.S.C. § 1001. At his first trial, Ntreh made a Rule 29 motion for judgment of acquittal at the end of the Government's case in chief. The Court denied the motion. Ntreh renewed his Rule 29 motion after he rested, arguing that the Government had failed to show that prior to his reentry, he had been deported or removed pursuant to a valid removal order. Ntreh's argument was based primarily on the fact that INS Agent Jahrman, when asked whether the Government's "Exhibit 12" (an IJ's checklist-style "Memorandum of Oral Decision") was "a deportation order entered by the immigration judge, yes or no" answered "no." N.T. 7/23/03 at 17. The Court stated that it would take

_____

constitute binding precedent.

2

the motion under advisement, but never ruled on it. Because the jury voted 11-1 to convict Ntreh, the Court declared a mistrial.

At a second trial, the Court denied Ntreh's Rule 29 motion at the close of evidence, and Ntreh was convicted on both counts. On appeal, Ntreh argued "that the District Court should have granted the motions he made at each of his trials for judgment of acquittal." United States v. Ntreh, 142 F. App'x 106, 107 (3d Cir. 2005). In our decision, we determined that "Ntreh's second trial did not violate the Double Jeopardy Clause and that the District Court did not err by failing to address the sufficiency of the evidence at Ntreh's first trial." Id. at 109. We noted that Ntreh argued that Agent Jahrman's testimony at the first trial "regarding the existence of a prior deportation order 'was confusing and susceptible to two interpretations.'" Id. at 110 n.6.[1] But we concluded that "Ntreh's acknowledgment that Agent Jahrman's testimony was susceptible to two interpretations establishes that this evidence, viewed in the light most favorable to the prosecution, was sufficient to prove the existence of a prior deportation order and to sustain a conviction for unlawful reentry." Id. We concluded that "even if we were to reach the merits of Ntreh's Rule 29 argument, his contention that there was insufficient evidence to sustain a conviction on unlawful reentry at his first trial would

---

[1] Before Agent Jahrman answered "no" to the question of whether Exhibit 12 was a deportation order, he testified, "I belief [sic] that is one of several documents that are the oral decisions of the immigration judge." N.T. 7/23/03 at 17.

3

fail as a matter of law." Id. We vacated Ntreh's sentence, however, so that he could be resentenced pursuant to United States v. Booker, 543 U.S. 220 (2005).[2]

At resentencing, Ntreh was sentenced to time served; because thereafter he was no longer in custody, he was not able to file a motion to vacate sentence under 28 U.S.C. § 2255. Instead, Ntreh filed the petition for a writ of error coram nobis at issue here. See Chaidez v. United States, 133 S. Ct. 1103, 1106 n.1 (2013) ("A petition for a writ of coram nobis provides a way to collaterally attack a criminal conviction for a person, like [the petitioner], who is no longer 'in custody' and therefore cannot seek habeas relief under 28 U.S.C. § 2255."). The District Court denied relief and Ntreh timely appealed.[3]

## II.

Coram nobis is a "rare remedy," and is appropriate only to (1) "correct errors for which there was no remedy available at the time of trial," and (2) "where 'sound reasons' exist for failing to seek relief earlier." Mendoza v. United States, 690 F.3d 157, 159 (3d Cir. 2012) (quoting United States v. Stoneman, 870 F.2d 102, 106 (3d Cir. 1989)). The standard for coram nobis relief is even more stringent than that used to evaluate § 2255 motions, Stoneman, 870 F.2d at 106, and both we and the United States Supreme Court have noted that "it is difficult to conceive of a situation in a federal criminal case today

---

[2] After Ntreh was resentenced, we affirmed the District Court's denial of his motion to dismiss the indictment. United States v. Ntreh, 546 F. App'x 105 (3d Cir. 2014) (non-precedential).

[3] An appeal from the denial of a coram nobis petition does not require a certificate of

where a writ of coram nobis would be necessary or appropriate." Mendoza, 690 F.3d at 159 (quoting Carlisle v. United States, 517 U.S. 416, 429 (1996)). While ineffective assistance of counsel may constitute the kind of fundamental defect in a conviction required to obtain a writ of error coram nobis, see United States v. Rad-O-Lite of Phila., Inc., 612 F.2d 740, 744 (3d Cir. 1979), in order to succeed the appellant must show both "(1) that counsel's representation fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different." See Carpenter v. Vaughn, 296 F.3d 138, 149 (3d Cir. 2002) (citing Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)). In reviewing a district court's denial of a coram nobis petition, we apply a de novo standard to the district court's legal conclusions and examine its factual findings for clear error. See Mendoza, 690 F.3d at 159.

The District Court denied relief because in our August 2005 opinion, we had "already rejected [Ntreh's] argument on the substantive issue underlying his ineffective assistance of counsel claim." Dkt. #343 at 6. As noted, we have previously held "that the District Court did not err by failing to address the sufficiency of the evidence at Ntreh's first trial." Because, as the District Court noted, an attorney cannot be ineffective for failing to raise a meritless claim, coram nobis relief is not warranted. See Werts v. Vaughn, 228 F.3d 178, 203 (3d Cir. 2000).

appealability. See United States v. Baptiste, 223 F.3d 188, 189 n.1 (3d Cir. 2000).

But in the motion for summary reversal that Ntreh filed in our Court, Ntreh argues that our August 2005 opinion does not foreclose relief as this is his first opportunity to raise a claim of ineffective assistance of counsel (he was represented by the same attorney at trial and on direct appeal). See United States v. DeRewal, 10 F.3d 100, 103-04 (3d Cir. 1993). And he appears to argue that his claim is slightly different than the one argued by counsel on direct appeal; i.e., he does not concede that Agent Jahrman's testimony was susceptible of two interpretations, and he suggests that his attorney was ineffective for making that concession.[4] Nonetheless, we find that the testimony *was* susceptible of two interpretations, as Agent Jahrman suggested that Exhibit 12 was one of the documents expressing the IJ's deportation order. Further, we have already stated our opinion that the evidence at Ntreh's first trial was sufficient for his conviction. Thus, Ntreh has not shown that had his attorney insisted that the District Court rule on the renewed Rule 29 motion at his first trial, there is a reasonable probability that the District Court would have found the evidence insufficient, and that the outcome would have been different.

For the foregoing reasons, we will affirm the District Court's judgment.

---

[4] Ntreh did not raise this precise point in the District Court. Nevertheless, we will address it. See United States v. Turner, 718 F.3d 226, 235 (3d Cir. 2013).